Hackley
v.
Hastie.

_If the jury take a paper out with them, when they deliberate on their verdict; but never look at it, the verdict will not be set aside on that account._

Hackley, survivor, &c. *against* Hastie and Patrick.

WELLS, in behalf of the defendants, moved to set aside the verdict given for the plaintiff in this cause, for irregularity. He read an affidavit, stating that at the trial of the cause, the jury, when they went out to consider of the verdict, took with them a commission for the examination of certain witnesses, with the interrogatories and depositions annexed, a paper attached to which had been read in evidence on the trial of the cause, and that no consent of the counsel was given for the purpose. He cited *Cro. Eliz.* 189. 1 *Sid.* 235.

*Colden*, contra, read the affidavits of three of the jurors, who tried the cause, that the papers mentioned were not read by the jury ; and that the only question on which they had any doubt, was relative to a set-off of a sum due to *Hastie* alone. He cited *Trials per pais*, 248. 257. *Viner*, (*Trial*) 472. *Buller's N. P.* 308.

*Per Curiam.* The decisions on this subject to be found in the books are contradictory. Some of the ancient cases are very strict, but of late years, courts have been inclined to be less rigid, and to decide according to the real justice of the case. If the jury have never looked at the papers, nor have been influenced by them, there can be no just cause for setting aside the verdict. This is very different from the case of *Metcalf* v. *Deane*, cited from *Croke*, where one of the witnesses recited his evidence to the jury, after they had retired to consider of their verdict.

Rule refused.