Benson v. Fish.

BENSON vs. FISH.

A paper, drawn up by the plaintiff, containing a statement of the items composing his claim for damages, having been accidentally passed to the jury, with the other papers in the cause, though not by them regarded as evidence regularly before them; the verdict, which was for the plaintiff, was for this cause set aside.

THE defendant in this cause moved that the verdict, which was for the plaintiff, might be set aside; for the reasons stated in the opinion of the Court, which was delivered by

WESTON J.    It appears that a paper drawn up by the plaintiff, containing items and statements exhibiting the amount of damages, to which he claimed to be entitled, was passed to the jury with other papers in the case, although they did not regard it as evidence regularly before them. It was prepared by the plaintiff to aid his counsel in argument; and there is reason to believe that it went to the jury by mistake and accident. It was, however, calculated to influence their decision, and furnishes therefore a well founded objection to the verdict. It is not to be distinguished from the case of *Whitney v. Whitman*, cited in the argument. In *Hackley v. Hastie*, 3 *Johns*. 252; and *Hix v. Drury*, 5 *Pick*. 302; the papers improperly before the jury, were not read or looked at by them. The case of *Sargent v. Roberts*, 1 *Pick*. 337, is a strong illustration of the solicitude, with which every statement or communication with the jury, not made in open court, and in the presence and with the knowledge of the parties or their counsel, is excluded. The written instructions given by the judge in that case to the jury, after the adjournment of the court, contained nothing exceptionable; but it being deemed irregular even for the judge to communicate with the jury at such a time, the verdict was set aside.    *New trial granted.*

*Boutelle*, for the plaintiff.

*Allen* and *Sprague*, for the defendant.