### HORACE BRONSON *v.* JOHN A. METCALF.

Depositions, disclosing facts important for the defense, were offered by the defendant, and not permitted by the court to be read in evidence, but were, nevertheless, taken by the jury into their room, and were before them when they deliberated upon and found their verdict. Held: That although it is difficult to say what degree of influence testimony taken by a party litigant may have had upon the jury, yet the court can not but conclude that the depositions had their influence upon the jury in making up their verdict, and a new trial should therefore be granted.

SPECIAL TERM.—On motion, by plaintiff, to set aside verdict.

The facts sufficiently appear in the decision.

*Grames & Stille*, for plaintiff.

*John G. Douglass* and *T. J. Gallagher*, for defendant.

STORER, J. Several grounds for a new trial have been urged, but as one of them, in our opinion, is sufficient, we need not refer to the others.

It is alleged by the plaintiff, and admitted by the defendant, that a deposition, which was not read in evidence, was taken by the jury into their room, and was before them when they deliberated upon and found their verdict.

The deposition was originally taken by the defendant to

be used on the trial, but was not in evidence. It contains testimony very pertinent to the defense, and which might possibly have had weight with the jury. It does not appear that it was read by the jury, nor is it proven that it was not.

It was formerly held that if the jury carry with them from the bar, written evidence which was given in court, unless authorized to take it by the court, or the parties, the verdict would be good, though the panel should be punished. 7 Bac. Abridg. 10; Cro. Eliz., 616, *Graves* v. *Short*. There was an exception made, however, as to writings "under hand and seal." 12 Mod. 520, *Lord Petre* v. *Heneage*.

So, if a scroll which concerns the issue and does not induce any partiality, be cast among the jurors, the verdict is not thereby made void. 21 Vin. Ab. G. 2, 454; 2 Hales, P. C. 306.

In Salkeld, 645, *Rex* v. *Burdett*, the jury took with them an act of the common council; a new trial for that cause was refused, on the ground that the act was evidence on neither side. Also, 1 Lord Raymond, 148; but Holt, C. J. said, if the act had been evidence only on one side, a new trial should have been granted.

In 3 John. 252, *Hackley* v. *Hastie*, the court say, "some of the ancient cases are very strict, but of late years, courts have been inclined to be less rigid. *If the jury have never looked at the papers, nor have been influenced by them*, there can be no just cause for setting aside the verdict."

A somewhat different conclusion is indicated in 8 Barbour, 46, *Durfee* v. *Eveland*, where the fact of the evidence being before the jury, if once admitted, the presumption is held to be that injustice has been done.

It is certainly difficult to say what degree of influence testimony taken by a party litigant may have had upon the jury; we can not, therefore, separate it, giving to one portion a certain value, and to the other no real effect. It may be that the opinion of some of the panel, at least, was molded by the very evidence that we should regard as irrelevant, if not worthless.

In the case before us, depositions offered by the defendant, and which were not permitted, by the court, to be read, were taken, nevertheless, by the jury into their room; the facts which the depositions disclosed were important for the defense to have proved, and it seems to us, we can not but conclude that they were read and had their influence upon the jury in making up their verdict.

We find the spirit of the rule very fully set forth and vindicated in 1 Pick. 337, *Sargeant* v. *Roberts;* and we adopt it as the only safe one for us to follow.

We think, the plaintiff, under all the circumstances, is entitled to a new trial, which is accordingly granted.