SCHAPPNER *vs.* THE SECOND AVENUE RAILROAD COMPANY.

If a jury take a paper which is given in evidence in the cause, with the concurrence of the judge, it is not error; that proceeding resting entirely in the exercise of a sound discretion by him.

If the jury take a paper with the concurrence of the judge, though without the knowledge of the parties, and although it may not have been put in evidence, it is not error if it appear either that it was not read or used by them ; or that, being immaterial in its character, it can be seen from an examination of the whole case, that it could not have had any bearing upon the issues, or the result.

Where the defendants' counsel, before the jury rendered their verdict, objected to its being received, on the ground that the jury had sent, while in their room, for an annuity table, which was sent to them by the court without the consent of either of the parties; which objection was insisted upon on appeal; but no motion was made to set aside the verdict for irregularity; *Held* that the objection was not presented in an available form.

*Held, also,* that the defendants' counsel might have requested the judge to instruct the jury that the annuity table should be discarded from their consideration; and possibly, if such a course had been pursued, it would have appeared that the table, though in possession of the jury, was not in fact used by them.

THIS was an action to recover damages for a personal injury, alleged to have been sustained by the plaintiff in consequence of the negligence of the defendant or its servants, by which he was seriously injured and permanently disabled.

The action was tried before Justice E. DARWIN SMITH and a jury. When the plaintiff rested, the defendants' counsel moved to dismiss the complaint, on the grounds,

(1.) That no negligence on the part of the defendant was proved; (2.) That according to the plaintiff's own evidence he was guilty of negligence, which contributed to the injury. The motion was denied, and the defendant excepted.

The jury found a verdict in favor of the plaintiff for $5000 damages ; and the defendants appealed from the judgment entered thereon.

*John H. Platt*, for the appellant.

*Charles A. Jackson*, for the respondent.

*By the Court*, BRADY, J. The defendants' counsel, before the jury in this case rendered their verdict, objected to its receipt on the ground that they had sent, while in their jury room, for some book, which was sent to them by the court without the consent of either of the parties. The presiding justice said, in answer to this objection, "It is proper that the counsel should understand the precise facts of the case. The jury said they wanted the annuity table, and I directed the officer to take them the Code opened at the annuity table." The objection was then overruled; the defendants' counsel excepted, and the verdict was rendered. On the argument we decided that none of the other objections and exceptions were available to the defendants; that no error had been committed which would warrant us in disturbing the judgment, reserving however for consideration the alleged error in allowing the jury to have the annuity table as already stated. It may be observed here, that there is no evidence of the age of the plaintiff in the case, and that it does not appear for what purpose the jury desired the table, although it may be assumed that it was to assist them in estimating the damages which should be awarded to him. The authorities in this State bearing upon the question

presented by the exception, although to some extent inharmonious, enable us to dispose of it without difficulty.

In *Hackley* v. *Hastie and Patrick*, (3 *John.* 252,) it appeared that the jury took out with them a commission for the examination of certain witnesses, with the interrogatories and depositions annexed, a paper attached to which had been read in evidence on the trial, and that no consent of counsel had been given for the purpose. The defendants moved to set aside the verdict given for the plaintiff, for irregularity. It was shown, in answer to this motion, that the papers were not read by the jury, and the court said "the decisions on this subject, to be found in the books, are contradictory. Some of the ancient cases (*as to these see Graham's Prac.*, 2d ed. 313–315; *Buller's Nisi Prius*, 308; *Coke Litt.* 227, *b*) are very strict, but of late years courts have been inclined to be less rigid, and to decide according to the real justice of the case. If the jury have never looked at the papers, nor have been influenced by them, there can be no just cause for setting aside the verdict." The motion was denied. This is the first case in our courts that I have been able to find, and which, as suggested, was a departure from the rule which had prevailed theretofore. The next case is *Thayer* v. *Van Vleet*, (5 *John.* 111.) In that case, which went up on certiorari from a justice's court, it appeared that the jury having retired to deliberate on their verdict, sent for the justice, and asked him if they could add anything to the plaintiff's demand, and he answered, "No." This was held, nothing more having been done, not to be a sufficient irregularity to set aside the verdict. The court said in, substance, that the justice had answered a question of law. That the evidence justified the verdict. That there was no semblance of abuse, and that the consent of parties might be inferred. In *Henlow* v. *Leonard*, (7 *John.* 200,) which also came up on certiorari from a justice's court, the plaintiff in error contended that there was an irregularity

in the justice going with a witness to the jury, at their request, and permitting him to be examined by them, after they had retired to consider their verdict; but it having been done openly, after notice to parties, and as the court said, "we may fairly presume in their presence," and there being no question as to the justice or merits of the verdict, the court held that there was no ground of complaint. The decision rests upon the fairness of the finding by the jury, and the presence of the parties when the objectionable act was committed. In *Smith* v. *Thompson,* (1 *Cowen,* 221,) it appeared that two of the jurors eluded the care of the constable and separated for the night from their associates, returning, however, in the morning and going into court with them. The court held it to be clearly irregular in the two jurors to separate from their fellows, but that it did not affect the merits of the case between the parties. That the ancient strictness in relation to the conduct of jurors was somewhat relaxed, as might be seen in *Hackley* v. *Hastie,* (*supra ;*) and that whether the verdict is to be set aside, must depend upon circumstances and the real justice of the case. And further the court said: "If there is a probability of abuse, we then notice it, but here is none." This case is a continuation of the rule that the merits of the controversy, and the probable effect of the irregularity complained of, will be considered in determining whether the verdict should be disturbed.

In *Bunn* v. *Croul;* (10 *John.* 239,) which came up on certiorari from a justice's court, it appeared that after the jury had retired they requested the justice to inform them whether a certain point of evidence had been given, stating it to him, to which he answered that it had been given, and mentioned the witnesses who had testified to the fact. The court held that it could not be fairly inferred from the return, that the explanation given by the justice was by the consent or in the presence of the parties ; and that if it was not, the allowance of such a practice would be

dangerous to the rights of parties. The judgment was reversed. It appears, however, from the report of the case, that the evidence was not set forth in the return, and the question passed upon was not considered, therefore, with reference to the merits, but as an abstract proposition. In *Taylor* v. *Betsford*, (13 *John.* 487,) which came up also on certiorari from a justice's court, it appeared that the jury having retired to deliberate upon their verdict, the justice, at their request, went into the room with them, to answer certain questions proposed to him by them. He was not accompanied by the parties, nor had he obtained the consent of the plaintiff in error, who knew, however, that he was going, but did not object. The judgment was reversed. The court held the act of the justice to be erroneous, not having been done by the consent of the parties, and declared that whether the information given by the justice was material, or had any influence upon the verdict of the jury, was a matter which they would not inquire into. In that case, therefore, the merits were not only not considered, but the consideration of them was repudiated, and it may be regarded as an authority expressly to the point, that after the jury have retired they cannot be approached in reference to the subject matter, without the consent of the parties. It is not improbable that the information given by the justice would have been unexceptionable if the jury had been brought into court, or it had been given in the presence of or by the authority of the parties. It may be, too, that the information was in itself unobjectionable or immaterial; but the court refused to consider its effect, and thus restored to some extent the rigid rule which, in *Hackley* v. *Hastie, &c.*, (*supra*,) was said to have been relaxed, and withdrew from the proposition that the consideration of these irregularities was to be determined according to the real justice of the case.

In *Neil* v. *Abel*, (24 *Wend.* 185,) it appeared that the

justice, after the jury had retired to consider their verdict, at their request sent them his minutes of testimony, without consulting the parties. About five minutes afterwards the justice informed both counsel what had been done, and they advised him that it was improper to give the minutes to the jury without the consent of the parties. He thereupon went to the door of the jury room and demanded his minutes, which were immediately handed to him. He neither went into the room nor spoke to the jury. The common pleas reversed the judgment on the sole ground that the justice improperly permitted the jury to have the use of his minutes. The judgment was affirmed. Bronson, J., in delivering the opinion of the court, said it had always been the policy of the law to watch over the deliberations of the jury with great care, and scrupulously to guard them against any extraneous influences. He seems to have been influenced much, however, by the opinion which he expressed, that the minutes of testimony kept by the justice were usually very imperfect. No consideration was given to the merits, and none to the effect of the act complained of, but the case of *Hackley* v. *Hastie* was referred to and not disapproved. In the *Farmers and Manuf. Bank* v. *Whinfield,* (24 *Wend.* 419,) the jury were allowed by the judge to take with them, when they retired to deliberate on their verdict, a paper which was regarded by the court in banc as irrelevant. It was held to be error. The question was presented, however, on a bill of exceptions, and Cowen, J., said, in reference to allowing jurors to take papers with them: " The effect upon the verdict is another matter. Even if improperly allowed to go to the jury, where it appears affirmatively and clearly that they have worked no prejudice, the verdict perhaps would not be set aside on a case;" thus reasserting, in 1840, a doctrine pronounced in *Hackley* v. *Hastie (supra)* in 1803, and which had been recognized, as we have seen, in cases intermediate those

dates. In a more recent case, (*Howland* v. *Willetts*, 9 *N. Y. Rep.* 170,) it was held not to have been error in the judge to allow the jury to take with them a deposition read on the trial; and the opinion of Mr. Graham, in his treatise on New Trials, (vol. 1, page 80,) that such a proceeding should be left to the sound discretion of the judge, seems to have been approved.

These cases establish the rules prevailing in this State with sufficient precision to render it unnecessary to seek elsewhere for illustration; and the following are fairly deducible from them.

1. That if the jury take a paper which was given in evidence in the cause, with the concurrence of the judge, it is not error—that proceeding resting entirely in the exercise of a sound discretion by him. 2. That if the jury take a paper with the concurrence of the judge, though without the knowledge of the parties, and although it may not have been put in evidence, it is not error if it appear either that it was not read or used by them; or that, being immaterial in its character, it can be seen from an examination of the whole case that it could not have had any bearing upon the issues or the result. (*See Graham on New Trials, vol.* 1, 76; *Lonsdale* v. *Brown*, 4 *Wash. C. C. Rep.* 148.) This is the more equitable rule, and is more in consonance with the familiar principle established by a series of cases, to the effect that if from the whole case the court can perceive that the admission of irrelevant or immaterial evidence could not have prejudiced the party complaining, the objection to it is valueless.

The annuity table I regard as a paper only given to the jury at their request; and as there was no evidence of the plaintiff's age, it would seem to be impossible, considering the amount of the verdict given in this case, that it could have been employed to the disadvantage of the defendants. The plaintiff was seriously injured and permanently disabled. He had been three months in hospital, and

Schappner *v.* Second Avenue Railroad Company.

more than a year under treatment, still using crutches. The bill of one of the doctors who attended him was $500, and his earnings were from $12 to $14 per week. As a compensation for these injuries—for his suffering, his expenses, his loss of time and permanent disability, involving the loss of the use of one of his legs—the jury gave $5000. The annuity table did not contribute to make the damages excessive, inasmuch as they are not so; and it cannot therefore be said that their use was to the prejudice of the defendants. If we do not arrive at the conclusion that the jury gave the plaintiff too large a compensation, we should not disturb the verdict, the table having no possible bearing on any other subject before the jury.

There is, however, another difficulty which encounters the defendants, and that is that they have not presented the objection, which has been considered, in an available form. The objection was to receiving the verdict, but no motion was made to set it aside for irregularity, in which form the verdict has generally been assailed. (*Howland* v. *Willetts, supra.*) They might have requested the judge to instruct the jury that the table should be discarded from their consideration; and it may be that if such a course had been pursued it would have appeared that the table, though in possession of the jury, was not in fact used by them. I think, upon these grounds, the judgment should be affirmed.

[NEW YORK GENERAL TERM, January 3, 1870. *Ingraham, Geo. G. Barnard* and *Brady,* Justices.]