JOSEPHINE GUNTZER, as Administratrix, etc., of ANTHONY C. GUNTZER, Deceased, Appellant, *v.* TIMOTHY HEALY and JOHN McALLISTER, Respondents, Impleaded with JOHN HENRY, Defendant.

First Department, February 23, 1917.

Trial — when delivery of papers containing prejudicial statements to jury avoids verdict — affidavits of jurymen as to use of such papers — burden of proof — appointment of referee to take testimony of jurymen.

The delivery of papers not in evidence or which contain excluded matters to a jury when or after it retires for deliberation, without the consent of the court, avoids the verdict unless the matters contained therein are not prejudicial or are not read by any of the jury.

Where some of the statements contained in papers so submitted are prejudicial to the defendants, the burden rests on the plaintiff to prove clearly that such statements were not read by any of the jury, and this burden is not satisfied by the affidavit of the juryman who carried the papers, but affidavits must be submitted of each and every juryman to the effect that he did not read the papers.

Where the plaintiff has attempted to sustain the burden of proof by the affidavit of the juryman who carried the papers into the jury room, and the Special Term in order to sustain the verdict has appointed a referee to take the testimony of the other jurymen, and the plaintiff has appealed from such order, a motion to vacate the judgment and set aside the verdict will be granted.

APPEAL by the plaintiff, Josephine Guntzer, as administratrix, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of December, 1916, appointing a referee to take the testimony of the jurors on a motion to vacate a judgment and set aside the verdict.

*Lloyd Paul Stryker,* for the appellant.

*Charles J. Nehrbas,* for the respondent Healy.

*John J. Lordan,* for the respondent McAllister.

PAGE, J.:

On the trial of the case, after the case had been submitted to the jury, the foreman on leaving the jury box inquired if he

could have those papers, referring to a deposition of the plaintiff to which were attached certain affidavits and exhibits, some of which were not in evidence and also which contained testimony which had been excluded at the trial on the objection of the defendants' attorney. The plaintiff's attorney thereupon, without the permission of the court and without the knowledge or consent of the defendants' attorney, handed the papers to the foreman who carried them into the jury room. The defendants moved to vacate the judgment and to set aside the verdict on the ground of this irregularity. The plaintiff, in opposition, presents the affidavits of the foreman of the jury, who asked for and took the papers from the court room, that he did not nor did any member of the jury read or examine the deposition. He does state, however, that he examined certain of the exhibits that appear to have been attached thereto but were properly in evidence.

There is no pretense that the papers were taken with the permission of the court. The rule is well settled that the delivery of papers to the jury not in evidence or which contain excluded matter when or after it retires for deliberation without the consent of the court avoids the verdict unless the matters contained therein are not prejudicial or if it appears that they were not read by any of the jury. (*Hackley* v. *Hastie*, 3 Johns. 252; *Mahoney* v. *Decker*, 18 Hun, 365, 367; *Howland* v. *Willetts*, 9 N. Y. 170, 174; *Schappner* v. *Second Ave. R. R. Co.*, 55 Barb. 497, 503; *Sanderson* v. *Bowen*, 4 T. & C. 675.) It appearing that some of the statements contained in the papers submitted were prejudicial to the defendants, the burden rested on the plaintiff to prove clearly that they were not read by any of the jury. This burden is not satisfied by the affidavit of the juryman who carried the papers into the jury room and, therefore, was desirous of exculpating himself. (*O'Brien* v. *Merchants' Fire Ins. Co.*, 38 N. Y. Super. Ct. [J. & S.] 482, 488.) The affidavits of each and every juryman to the effect that he did not read them should have been submitted. (*New York & N. J. Ice Lines* v. *Howell*, 19 App. Div. 341.)

The justice at Special Term, desiring that substantial justice might be done, appointed a referee, to the end that the testi-

mony of the other jurymen might be taken, not to impeach the verdict, but to sustain a verdict that stood impeached, thus affording to the plaintiff an opportunity to supply the deficiency in his moving papers.  The plaintiff's attorneys have refused to accept this favor and have appealed from this order.  It is no part of our duty to force unwilling parties to save themselves from the consequences of their own act against their protest.

The order should, therefore, be reversed, without costs, and the motion to vacate the judgment and to set aside the verdict be granted, with ten dollars costs to the defendants.

CLARKE, P. J., SCOTT and DAVIS, JJ., concurred.

Order reversed, without costs, and motion granted, with ten dollars costs.