FRIEDA YANKELOWITZ, an Infant, by WILLIAM YANKELOWITZ, His Guardian ad Litem, Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

City Court of New York, New York County, March 13, 1931.

*Leon Shalov* [*Harry A. Gair* of counsel], for the plaintiff.

*Arthur J. W. Hilly* [*Louis Diamant* of counsel], for the defendant.

RYAN, J. During the course of the trial certain portions of the voluminous hospital record were received in evidence and so marked to the exclusion of other parts of that record. The whole was bound together in one volume. Through inadvertence the volume intact was handed to the jury with the numerous other exhibits in the case and by them taken into the jury room The mistake was not discovered until the jury returned and rendered a verdict when the question was raised and appropriate motion made. The court thereupon questioned each member of the jury, inquiring whether or not the excluded matter had been read by them and if so had they been influenced thereby. Two of the jurors answered both questions in the affirmative. It became apparent, therefore, that the parts of such record not in evidence had been read by some members of the jury who admitted they had been influenced thereby. The rule is well settled that the delivery of papers to the jury not in evidence or which contain excluded matter when or after it retires for deliberation avoids the verdict unless matters contained therein are not prejudicial or do not tend to influence the jury in the verdict reached. (*Guntzer* v. *Healey*, 176 App. Div. 543.) The verdict must be based on proofs taken openly at the trial free from all extraneous influences. The verdict must, therefore, be set aside and a new trial granted. Cause is ordered restored to the day calendar, Trial Term, Part I, for Monday, April 3, 1931, for retrial.