▆▆▆ WESLEY PENDARVIS, Respondent-Appellant, v. FARMER SHELL SERVICE STATION et al., Appellants, et al., Defendant, and REMSEN ASSOCIATES, INC., Respondent.— In an action to recover damages for personal injuries, (1) defendants Farmer Shell Service Station, Shell Oil Company, Remsen Associates, Inc., Abraham Winick, Louis Wasserstein and Louis Kantor appeal from an order of the Supreme Court, Kings County, dated December 20, 1972, which, on plaintiff's motion, (a) set aside a jury verdict in favor of said defendant Shell, a dismissal of the complaint as against said defendants Winick, Wasserstein and Kantor, a directed verdict in favor of said defendant Farmer Shell and a dismissal of the cross complaint of said defendant Shell against said defendant Farmer Shell, (b) ordered a new and simultaneous trial on the issues of lia-

bility and damages and (c) denied vacatur of the dismissal of the complaint as against said defendant Remsen; and (2) plaintiff cross-appeals from so much of the order as denied vacatur of the dismissal of the complaint as against said defendant Remsen. Appeal by defendant Remsen Associates, Inc., dismissed, without costs. This defendant is not aggrieved. On the appeals by the other appellants, order modified, on the law, by striking therefrom the first three ordering paragraphs (all the above-mentioned provisions except that which denied vacatur of the dismissal as to Remsen) and by substituting therefor a provision denying plaintiff's motion in its entirety. As so modified, order affirmed, with one bill of costs jointly to the defendants-appellants who appeared separately and filed separate briefs, except defendant Remsen, against plaintiff, and verdicts and the above-mentioned dismissals reinstated, except as to Remsen, whose dismissal was not vacated. The appeals presented no questions of fact. The ground upon which the trial court, *inter alia,* set aside the jury verdict in favor of defendant Shell was that an exhibit containing excluded matter had been delivered to the jury without the excluded matter having been covered up as directed by the court. In our opinion this was error. Matter identical to the excluded matter appeared on another exhibit which had been received in evidence without objection. In view of this and in the light of all the circumstances disclosed by the record, the failure to comply with the court's direction was not prejudicial to plaintiff and, consequently, the verdict should not have been set aside (cf. *Collins* v. *Malone Lodge No. 1303,* 34 A D 2d 1063; *Guntzer* v. *Healy,* 176 App. Div. 543). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.