■ THOMAS STANTON, Appellant, v CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) a judgment of the Supreme Court, Queens County, entered March 28, 1978, which, after a jury trial, was in defendants' favor and (2) an order of the same court, dated February 27, 1978, which denied his motion to set aside the verdict. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the law, and new trial granted, without costs or disbursements. The defendants called as one of their witnesses the police officer who had arrived on the scene of the accident shortly after it had occurred. The officer testified that the plaintiff told him that he, the plaintiff, after braking to avoid an accident in the center lane, skidded into the rear of a sanitation truck which was spreading salt in the right lane. Defendants then offered the police report subsequently filled out by the officer which described the accident as occurring in the same manner as the officer had testified, but without attribution and with one critical difference: the report states that the plaintiff braked to avoid a collision with another *car.* The trial court properly refused to admit the report into evidence. However, it is undisputed that this report was

thereafter submitted to the jury as an exhibit at some point prior to or during its deliberations. The submission of the report to the jury substantially prejudiced the plaintiff and therefore a new trial is required (see *Guntzer v Healy,* 176 App Div 543). Plaintiff's trial position was that the sanitation truck swerved in front of him as he was traveling in the right lane. On cross-examination, the defendants' witnesses testified that they had seen no evidence of an accident in the center lane. With the officer's testimony thus partly contradicted, the police report presented a third theory to the jury not fairly supported by anything else in the record. Finally, in this comparative negligence case, the Judge's charge on negligence was confusing and did not refer to an apportionment of negligence between the parties. Mangano, J. P., Gibbons, Rabin and O'Connor, JJ., concur.