■ PAMELA G. RAZZA, Respondent, v DANIELE SANCHEZ-RODA et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated October 7, 1988, which granted the plaintiff's motion pursuant to CPLR 4404 (a) and, in effect, set aside a jury verdict which was in her favor and against the defendants in the principal sum of $10,000, and directed a new trial.

Ordered that the order is affirmed, without costs or disbursements.

The record reveals that, during the trial of this action by the plaintiff to recover for injuries which she allegedly suffered in a 1984 automobile accident, the court ruled that a proposed defense exhibit was inadmissible because it was irrelevant to the issues in the case. This proposed exhibit consisted of a claim for employee disability benefits prepared by the plaintiff for apparently similar injuries which she

purportedly suffered in another accident in 1982. After the jury commenced deliberations, the proposed exhibit inadvertently was sent into the deliberations room. Subsequent to rendering a verdict in favor of the plaintiff in the amount of $10,000, all of the jurors indicated, that despite the trial court's instructions, they had considered the document in determining their award to the plaintiff. The court then granted the plaintiff's motion for an order setting aside the verdict and for a new trial. We affirm.

Contrary to the defendants' contention, the court did not improvidently exercise its discretion in setting aside the verdict under the unusual circumstances of this case (see generally, Micallef v Miehl Co., 39 NY2d 376), inasmuch as the record demonstrates that the submission of the document previously held inadmissible substantially affected the verdict (see, e.g., Stanton v City of New York, 74 AD2d 623). The defendants claim that the document was in fact relevant and admissible and that the verdict therefore should remain undisturbed. However, while we agree that the document appears relevant on its face, the court's ruling that it was inadmissible prevented the plaintiff from adducing any further evidence to rebut or explain its contents. Accordingly, a new trial is necessary.

We have considered the defendants' remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.