■ DAWN MacKILLOP, Appellant, v CITY OF SYRACUSE, Respondent. (Appeal No. 1.) [850 NYS2d 788]—

Appeal from a judgment of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered June 28, 2006 in a personal injury action. The judgment, upon a jury verdict of no cause of action, awarded defendant costs and disbursements in the amount of $1,504.60.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in a motor vehicle accident allegedly caused by defendant's negligent design, construction and maintenance of a traffic intersection and negligent placement of a traffic sign in that intersection. The jury returned a verdict of no cause of action, and Supreme Court denied plaintiff's post-trial motion to set aside the verdict and for a new trial on the grounds that the verdict is against the weight

of the evidence, that during deliberations the jury was improperly given photographs that were not admitted in evidence, and that the verdict sheet was "prejudicially confusing." We affirm.

Contrary to plaintiff's contention, the verdict is not against the weight of the evidence, i.e., the evidence did not so preponderate in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Although defendant admitted that it was negligent in using a certain road sign in the intersection, the jury found that such negligence was not a substantial factor in causing the accident. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is . . . against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]; *see McCulley v Sandwick*, 43 AD3d 624, 626 [2007], *appeal dismissed* 9 NY3d 976 [2007]), and that is not the case here (*see generally Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]).

We reject the further contention of plaintiff that she was prejudiced by the fact that the jurors were permitted to view photographs that were not admitted in evidence. "The rule is well settled that the delivery of papers to the jury not in evidence . . . when or after it retires for deliberation . . . [voids] the verdict unless the matters contained therein are not prejudicial or if it appears that they were not read [or viewed] by any [members] of the jury" (*Guntzer v Healy*, 176 App Div 543, 544 [1917]). Here, the papers delivered to the jury were enlarged photographs of vehicles in the intersection, and the court properly concluded that plaintiff failed to establish that the photographs were prejudicial to her (*cf. Razza v Sanchez-Roda*, 173 AD2d 594 [1991]). In any event, the court's inquiry into the matter established that the only juror who actually viewed the photographs in fact disregarded them (*see Guntzer*, 176 App Div at 544).

Finally, as plaintiff correctly conceded in her post-trial motion papers, she failed to object to the verdict sheet, and she thus failed to preserve for our review her contention concerning the verdict sheet (*see Halbreich v Braunstein*, 13 AD3d 1137 [2004], *lv denied* 5 NY3d 704 [2005]). Present—Gorski, J.P., Martoche, Smith, Centra and Green, JJ.