# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**331**
**CA 15-00830**
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

MICHELLE M. WALDO, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

MINSOO KANG AND JUNGHEE PARK,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

CELLINO & BARNES, P.C., ROCHESTER (ROBERT L. VOLTZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BROWN & KELLY, LLP, BUFFALO (H. WARD HAMLIN, JR., OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 27, 2015. The judgment granted defendants judgment against plaintiff and awarded costs to defendants.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion for a directed verdict on the issue of negligence is granted, and a new trial is granted on the issues of serious injury and damages.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained in a motor vehicle accident, and she now appeals from a judgment following a jury verdict finding that she was 25% liable for the accident and that she did not sustain a serious injury. We agree with plaintiff that various rulings of Supreme Court were in error and that she is therefore entitled to a directed verdict on the issue of negligence and a new trial on the issues of serious injury and damages.

We agree with plaintiff that the verdict finding her negligent is against the weight of the evidence. Indeed, we conclude that the court erred in failing to grant plaintiff's motion seeking a directed verdict on the issues whether Junghee Park (defendant) was negligent and whether such negligence was the sole proximate cause of the accident. "It is well settled that a driver who has the right-of-way is entitled to anticipate that the drivers of other vehicles will obey the traffic laws requiring them to yield" (*Heltz v Barratt*, 115 AD3d 1298, 1299, *affd* 24 NY3d 1185 [internal quotation marks omitted]). Here, the record establishes that plaintiff was proceeding within the speed limit through a green light at the time of the collision and that she was therefore entitled to assume that defendant would stop

for the red light.  Moreover, defendants offered nothing other than speculation to establish that plaintiff could do anything other than slam on her brakes in the seconds prior to impact (*see id.* at 1299; *Wallace v Kuhn*, 23 AD3d 1042, 1043).

We also agree with plaintiff that the court improperly precluded a physician from testifying at trial because of the lack of an expert disclosure.  "[P]reclusion [of expert testimony] for failure to comply with CPLR 3101 (d) is improper unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" and, here, defendants failed to provide any evidence of a willful or intentional failure to disclose by plaintiff or any evidence of prejudice (*Sisemore v Leffler*, 125 AD3d 1374, 1375 [internal quotation marks omitted]).  Such preclusion warrants a new trial on the issues of serious injury and damages (*see Tronolone v Praxair, Inc.*, 39 AD3d 1146, 1147).  We also note that, because there was no timely objection to the verdict sheet, plaintiff's contention that the court erred in precluding the jurors from awarding damages in excess of basic economic loss unless they found that she had suffered a serious injury is not preserved for our review (*see Howlett Farms, Inc. v Fessner*, 78 AD3d 1681, 1683, *lv denied* 17 NY3d 710; *MacKillop v City of Syracuse*, 48 AD3d 1197, 1198).

In view of our determination, we see no need to address plaintiff's remaining contention with respect to inconsistency of the verdict.

Entered:  May 6, 2016                          Frances E. Cafarell
                                               Clerk of the Court