Atkins v Metronome Events, Inc. (2020 NY Slip Op 05444)





Atkins v Metronome Events, Inc.


2020 NY Slip Op 05444


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Index No. 650203/14 Appeal No. 11973 Case No. 2019-05493 

[*1]Robert Atkins, Plaintiff-Respondent,
v
Metronome Events, Inc. Doing Business as Providence NYC, et al., Defendants, Robert Pereira, Defendant-Appellant.


The Morrison Law Firm, P.C., White Plains (Steven T. Sledzik of counsel), for appellant.
Warner & Scheuerman, New York (Jonathan D .Warner of counsel), for respondent.



Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.),
entered August 9, 2019, after a jury trial, awarding plaintiff $163,859.58 and bringing up for review an order, same court and Justice, entered on or about July 3, 2019, which denied defendant Pereira's motion to set aside the verdict and granted plaintiff's motion for the amount of the underpayment, pre- and post-judgment interest, and liquidated damages, unanimously affirmed, with costs.
Pereira's contention that a new trial is warranted because the jury had the complaint, which was not in evidence, while deliberating is unavailing. "[D]elivery of papers to the jury not in evidence . . . avoids the verdict unless the matters contained therein are not prejudicial or if it appears that they were not read by any of the jury" (Guntzer v Healy, 176 AD 543, 544 [1st Dept 1917]; see Alford v Sventek, 53 NY2d 743, 745 [1981]), Pereira offers only speculation that the jury was influenced by viewing the complaint (cf. Edbauer v Board of Educ. of N. Tonawanda City School Dist., 286 AD2d 999, 1001-1002 [4th Dept 2001]). Further, while the court permitted the alternate juror to go to lunch with the jury before discharging the alternate juror, Pereira failed to object, and the record contains no evidence that the alternate juror discussed the case with the jury or even lunched with any of the jurors.
Pereira's further contention — also raised for the first time on appeal — that a new trial is required because the court had discharged the jury before it deliberated a second time is also unavailing. While the court told the jurors she was "going to discharge you," she did not instruct them they were free to discuss the case with others (see PJI 1:105). At most, the record is unclear on this issue which is unpreserved for review by this Court (see Diarrassouba v Consolidated Edison Co. of New York, Inc., 123 AD3d 525 [1st Dept 2014]).
The jury's determination that plaintiff proved that prior to 2011, defendants' clients understood the service charge included on banquet invoices to be a gratuity is not against the weight of the evidence. The banquet contracts and invoices did not explain the purpose of the service charge, which was added only to food and drink, consistent with a gratuity. There was testimony that people at banquets did not tip well because there was an assumption staff was taken care of and bartenders were not required to report tips for banquets as they did for "nightclub" events. Further, while various defense witnesses testified they would explain to customers that they could tip if they wished, there was also testimony by one of defendants' managers that they told clients everything was included in the contract, and another witness could not recall ever explaining to clients during the relevant time what the service charge was for.
Pereira's failure to object to the jury charge and interrogatories, which did not ask the jury to determine whether he was plaintiff's employer, render this argument unpreserved (Harris v Armstrong, 64 NY2d 700, 702 [1984]; Ganaj v New York City Health & Hosps. Corp., 130 AD3d 536 [1st Dept 2015]; CPLR 4110-b). Additionally, Pereira failed to include in the appendix the contract templates, banquet invoices, and staffing sheets entered into evidence and necessary to evaluate his contention that the damages award is against the weight of the evidence.
We have considered his remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020