CHARLES LAMPHEAR, Appellant, *v.* GEORGE W. MACLEAN and Others, as Executors of and Trustees under the Last Will and Testament of KATHERINE L. MACLEAN, Deceased, Appellants, Impleaded with AMOS S. LAMPHEAR and Others, Respondents.

Second Department, December 30, 1916.

Evidence — inadvertent submission of inadmissible written evidence to jury — new trial.

Where only a part of a letter was admitted in evidence as against one of several defendants, the remainder of the letter being properly excluded as inadmissible against the other defendants, but through inadvertence the letter in its entirety went with other exhibits to the jury room and the mistake was not discovered until after the jury had returned a sealed verdict, it was proper for the court to set aside the verdict and to order a new trial.

The verdict should be set aside, not upon the ground that counsel had participated in the submission of the improper evidence to the jury, but upon the ground that the jury in reaching its verdict should have been confined to legal evidence.

Under the circumstances the Appellate Division will not direct a finding or dismiss under section 1317 of the Code of Civil Procedure if on all proofs there was an issue for the jury.

APPEAL by the plaintiff, Charles Lamphear, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 14th day of December, 1915, setting aside the verdict of a jury with respect to the first question submitted to it and granting a new trial on said question in a partition suit.

The verdict was set aside on the ground of error in handing to the jury the entire letter, Exhibit C, for identification, which the jury took with them into the jury room, the principal contents of which letter have been excluded as being substantially prejudicial to the defendant Amos S. Lamphear.

Also an appeal by George W. MacLean and others, as executors and trustees, from so much of said order as directs a new trial of the issue by a jury.

*Abraham Benedict*, for the plaintiff, appellant.

*Jay Noble Emley* [*John Edmond Hewitt, Harold C. Mitchell, Lawrence Weisman* and *Percy Heiliger*, with him on the brief], for the appellants, executors and trustees under will of Mrs. MacLean, and for the respondents Esther Hamilton and others.

*Conrad Saxe Keyes*, for the respondent Amos S. Lamphear.

PUTNAM, J.:

In the trial of framed issues arising in a partition suit the plaintiff sought to have an instrument absolute in terms, passing his interest in the estate of his grandfather, declared to be a mortgage to secure $2,000. The grantees were plaintiff's brother, the defendant Amos S. Lamphear, and his sister, Mrs. Katherine L. MacLean, since deceased. A letter to plaintiff from Mrs. MacLean, on three separate sheets, was offered and marked only for identification. A few passages were read in evidence, which were received only as against Mrs. MacLean's executors, and those in privity with her, and not as against Amos S. Lamphear.

At the conclusion of the three days' trial, by inadvertence, this letter in its entirety went with the other exhibits to the jury room, a mistake not discovered until after same had been returned with the sealed verdict. The learned trial justice,

being of opinion that through access to and perusal of this letter the jury may have been influenced in reaching their verdict, set it aside and ordered a new trial.

Not only was the paper as a whole inadmissible, but the excluded part (which was the larger portion) in its expressions, and the natural inferences therefrom, must have been decidedly damaging to the defendant Amos S. Lamphear. Such a situation from early times has been remedied by a new trial. In case also of mistake, where inadmissible papers reached the jury, the court set the verdict aside and even refused to examine the jurors as to the effect they had given to such extraneous paper. (*Whitney* v. *Whitman,* 5 Mass. 405. See, also, *Hix* v. *Drury,* 5 Pick. 296; *Benson* v. *Fish,* 6 Maine, 141.) A paper to refresh a witness' memory, getting to the jury by oversight, caused their verdict to be set aside. (*Clark* v. *Whitaker,* 18 Conn. 542.) It has been said that a trial counsel has to select from his papers those that are to go to the jury, with the responsibility of giving them nothing which is not legal. (*Flanders* v. *Davis,* 19 N. H. 139.) If an exhibit has on it private writings they should be obliterated, otherwise the whole paper if submitted to the jury will destroy the verdict. (*Rich* v. *Hayes,* 97 Maine, 293. See, also, *Trinity County Lumber Co.* v. *Denham,* 88 Tex. 203.) If certain pages of an account book are received, sending to the jury the entire book without sealing the other pages was held error. (*Bates* v. *Preble,* 151 U. S. 149, 158.) *A fortiori,* of submitting a book to the jury with a loose sheet, not in evidence. (*O'Brien* v. *Merchants' Fire Ins. Co.,* 38 N. Y. Super. Ct. 482, 488.) Papers marked for identification only, when submitted along with the proper exhibits, have also avoided the verdict. (*Elliott* v. *Luengene,* 17 Misc. Rep. 78; *Alaska Commercial Co.* v. *Dinkelspiel,* 121 Fed. Rep. 318, 322.) Even handing to the jury a paper in evidence, if not consented to, was held sufficient to avoid the verdict. (*Sanderson* v. *Bowen,* 2 Hun, 153.)

Counsel's participation is not the ground for these rulings. It stands on confining the jury to legal evidence. Even an unproved paper left on a table, if taken to the jury, spoiled the verdict. (*McLeod* v. *Humeston & Shenandoah Railway*

*Co.,* 71 Iowa, 138.)    A verdict has been lost where the jurors obtained a map not in evidence (*State* v. *Hartmann,* 46 Wis. 248), or where they looked at unproved diagrams (*Railroad* v. *Lee,* 95 Tenn. 388), or at bogus signatures shown in a probate contest (*Matter of Barney's Will,* 71 Vt. 217).

So, also, where, in a Justice's Court, he sent out to the jury his trial minutes, the verdict was set aside (*Neil* v. *Abel,* 24 Wend. 185); likewise if the jury had access to the court room and read portions of the judge's minutes (*Mitchell* v. *Carter,* 14 Hun, 448).

These are not mere dictates of formalism.    They are settled rules imperatively required to secure verdicts based on proofs taken openly at the trial, free from all danger by extraneous influences.    Against the suggestion that the present jury might not have seen the excluded parts of this letter, may be cited: "But the objectionable portions in this case were such as were likely to attract the eye of the jury, and accident or curiosity would be likely to lead them, despite the admonition of the court, to read the plaintiff's comments upon the defendants and her private meditations, which had no proper place in their deliberations." (Per BROWN, J., in *Bates* v. *Preble, supra,* 158.)    All this MacLean letter went to the jury without any court admonition.    The unreserve and allusiveness of such a family communication could hardly fail of a decided effect.

In the executors' appeal we are asked to direct a finding, or to dismiss under the Code of Civil Procedure, section 1317.    On all the proofs, however, an issue was presented for the jury, and, therefore, in setting aside this verdict the court rightly directed a new trial.

I advise that the order setting aside the verdict be affirmed, with a single bill of costs to respondents Amos S. Lamphear and Salome R. Lamphear, as against the plaintiff.

THOMAS, STAPLETON and MILLS, JJ., concurred; CARR, J., not voting.

Order setting aside verdict affirmed, with a single bill of costs to respondents Amos S. Lamphear and Salome R. Lamphear, as against the plaintiff.