ELLEN A. LONG, as Administratrix, etc., of EDWARD R. LONG, Deceased, Respondent, *v.* JOHN BARTON PAYNE, Director-General of Railroads, the Agent Appointed by the President of the United States, Pursuant to the Act of Congress, Approved February 28th, 1920, and Known as the Transportation Act, 1920,* Appellant.

Fourth Department, November 16, 1921.

Railroads — Federal Employers' Liability Act — action for death of freight conductor caused by coming in contact with fence between tracks while standing on stirrup on side of moving freight car — questions of fact as to negligence of defendant and assumption of risk by conductor — necessity of building fence question for executives of railroad and not for jury — basis for diminishing damages for contributory negligence — degree of contributory negligence does not depend upon particular cause of action — error to permit jury to have dictionary.

In an action under the Federal Employers' Liability Act to recover for the death of a conductor on defendant's freight train, who was killed while standing on the stirrup on the side of a freight car, by coming in contact with a fence about eleven inches from the stirrup, which was constructed and maintained by the defendant between two tracks for the purpose of preventing passengers from crossing, *held*, that there was a question of fact as to the negligence of the defendant and as to whether the conductor assumed the risk.

---

* See 41 U. S. Stat. at Large, 461, § 206; Pres. Proc. March 11, 1920, and May 14, 1920; 41 id. 1789, 1794.— [REP.

The necessity of building fences and other structures is a question of judgment depending upon facts not readily susceptible of proof and is a question for the executives of the railroad company and not for a jury to decide, and hence a judgment finding the defendant negligent cannot be sustained upon the theory that the jury must have found that the fence was unnecessary; but when the company has erected fences, it then may become a question of fact as to whether the company exercised ordinary and reasonable care to make its road safe for its employees, or negligently permitted a dangerous obstruction to remain near its track.

Damages should be diminished by the jury in proportion to the amount of negligence attributable to the employee, and there can be no rational basis for a diminution of the amount for pain and suffering at the rate of forty-four and four-ninths per cent and of the amount for pecuniary loss to the widow at the rate of twenty per cent; the degree of contributory negligence does not depend upon the particular cause of action.

The question of assumption of risk being one of the vital questions in the case, it was error for a court officer to furnish the jury with a dictionary in order that they might find out the meaning of the word " assume;" it was the duty of the jury to take their instructions on the law exclusively from the court.

HUBBS and CLARK, JJ., dissent.

APPEAL by the defendant, John Barton Payne, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 14th day of October, 1920, on the verdict of a jury for $12,000, and also from an order, entered in said clerk's office on the 27th day of October, 1920, denying defendant's motion for a new trial made upon the minutes, and because of the improper acts of the court officers and the jury during the jury's deliberations.

*Hiscock, Doheny, Williams & Cowie* [*Leroy B. Williams* of counsel], for the appellant.

*Olmsted, Van Bergen & Searl* [*A. Lee Olmsted* of counsel], for the respondent.

DAVIS, J.:

The defendant had erected and maintained an iron picket fence in the space between two tracks in and near the station in the city of Schenectady, for the purpose of preventing passengers from crossing the tracks to pass from one platform to the other, instead of following the route provided through a subway. This fence was so located that it was within about

eleven inches of the stirrup on the side of a freight car, used by trainmen in getting on and off the car. The evidence and the verdict of the jury permit the conclusion that the plaintiff's intestate met his death by coming in contact with this fence while standing on the stirrup in an attempt to cool a hot journal, as the fast freight train, on which he was conductor, was passing through the Schenectady station.

We are satisfied that there was a question of fact as to the negligence of the defendant in causing the death of plaintiff's intestate. (*Texas & Pacific R. Co.* v. *Swearingen,* 196 U. S. 51; *Choctaw, O. & G. R. Co.* v. *McDade,* 112 Fed. Rep. 888; affd., 191 U. S. 64.) The rule in the mail crane cases (*Sisco* v. *Lehigh & H. R. R. Co.,* 145 N. Y. 296; *Southern Pacific Co.* v. *Berkshire,* 254 U. S. 415) does not apply to the facts in this case.

The question as to whether the servant assumed the risk was also one of fact. (*Norfolk & Western R. Co.* v. *Beckett,* 163 Fed. Rep. 479; *Gila Valley R. Co.* v. *Hall,* 232 U. S. 94.)

One question bearing on the alleged negligence of the defendant, discussed by the learned trial court in his charge to the jury was, whether or not the fence in question was reasonably necessary in the business of the railroad company. It is urged here by the respondent's counsel that the verdict, finding the defendant negligent, should be sustained, because the jury must have found that the fence was unnecessary. The necessity of building fences, water plugs, mail cranes and other structures, along the line of the railroad for the transaction of business, is a question of judgment, depending upon many facts not readily susceptible of proof; and is a question for the executives of the railroad company, not for a jury to decide. (*Southern Pacific Co.* v. *Berkshire, supra,* 417.) Negligence cannot be predicated on a determination of a company to take action for the protection of its patrons, or for its ordinary convenience in doing business. It is the omission or neglect to perform some duty required to be performed with reasonable care that forms the basis of actionable negligence. When the company has erected its structure, it then may become a question of fact as to whether the location was made and the construction done in a negligent manner (*Texas & Pacific R. Co.* v. *Swearingen, supra,* 62);

and as to whether the company exercised ordinary and reasonable care to make its road safe for its employees in the course of their duties, or negligently permitted a dangerous obstruction to remain near its track, where injury to a member of a train crew, engaged in the performance of his duties, might reasonably be anticipated. (*Sisco* v. *Lehigh & H. R. R. Co.*, *supra*, 301; 26 Cyc. 1112.) The question at issue here was not whether there was a necessity for some means of preventing passengers crossing the tracks, but whether the method employed was, under the circumstances, the reasonably proper and safe one. This question, however, was not specifically raised on the trial. Having determined on other grounds that the judgment must be reversed, we mention it only that the proper rule may be adopted on the new trial of the issues.

The trial court submitted eight special questions of fact in writing to the jury. In answering them, the jury assessed the damages for the conscious pain and suffering of decedent at $3,600 and the pecuniary loss of the widow at $12,500. Question 5 was as follows: " Were the personal injuries and consequent death of said Edward R. Long caused by his own contributory negligence? " The answer was " Yes." In diminishing the damages by reason of contributory negligence, the jury deducted $1,600 from the award for pain and suffering, and $2,500 from the damages allowed the widow. Therefore, two different standards were applied in diminishing the damages. For one the diminution was at the rate of forty-four and four-ninths per cent, and for the other twenty per cent. There can be no rational basis· for such a varying standard. The damages were to be diminished by the jury in proportion to the amount of negligence attributable to the employee. (Federal Employers' Liability Act [35 U. S. Stat. at Large, 66], § 3.) The degree of contributory negligence did not depend at all upon the particular cause of action.

After the jury had been sent out and were deliberating and the court and counsel had left the court house, the jury informed one of the attending officers that they wanted a dictionary to find out the meaning of the word " assume." Without informing the court, one of the officers furnished them a dictionary, which they consulted. The question of the

assumption of risk was one of the vital questions in the case, and the court had given them very full instructions on that subject. Many parts of the dictionary definition were not at all appropriate. The incident was not called to the attention of the court until after their verdict was rendered, when a motion was made for a new trial, on the ground of misconduct. The evidence of the officers was taken, and the motion formally denied. The question is pressed on this appeal.

The rule is very well settled that the jury may not take with them to the jury room books, writings and papers which were not given in evidence. The misconduct of a jury in examining books or records not in evidence is an irregularity which may be, if deemed harmful, sufficient cause to set aside the verdict. (*Howland* v. *Willetts*, 9 N. Y. 170, 175; *Mitchell* v. *Carter*, 14 Hun, 448; *Lamphear* v. *McLean*, 176 App. Div. 473; *Guntzer* v. *Healy*, Id. 543; 29 Cyc. 808; 38 id. 1821.) The dictionary definition could not properly have been offered or read in evidence, and it was the duty of the jury to take their instructions on the law exclusively from the court.

We think, under the circumstances, that there was not that sound deliberation on and consideration of the evidence, and the attention given to the instructions on the law from the court on the part of this jury, in reaching this verdict, that an orderly trial in our courts contemplates.

The judgment and order are reversed and a new trial granted, with costs to the appellant to abide the event.

All concur, except HUBBS and CLARK, JJ., who dissent and vote for affirmance.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.