PALMA SINERI et al., Plaintiffs, *v.* J. SMILKSTEIN & SONS, INC., Defendant.

Supreme Court, Trial Term, Westchester County, April 9, 1954.

*Oliver K. King* for defendant.

*Jacob D. Fuchsberg* for plaintiffs.

COYNE, J. This is a motion for an order setting aside the verdict of the jury in favor of plaintiffs and for a new trial. The action was one to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant in maintaining a certain stairway on its premises. After a trial consuming six days, the jury rendered a unanimous verdict in favor of the plaintiff, Palma Sineri, in the sum of $25,000; and in favor of her husband, Vincent Sineri, in the sum of $3,000.

The basis of the motion is that a juror brought two books into the jury room; and that excerpts from the books were allegedly read by some of the jurors, or read to them. Concededly, the books were in the jury room during the deliberations. Neither was an exhibit in the case. It is asserted by defendant that the presence of the books in the jury room was improper, and that the contents thereof were prejudicial, inflammatory and misleading.

In addition to the affidavit of trial counsel for the defendant, the moving papers contain the affidavits of four of the jurors. The affidavits differ in some respects, but in substance establish the presence of the books in the jury room during the deliberations, and the reference made to them by some of the jurors.

Generally speaking, sound public policy forbids the impeachment of a verdict by the testimony or affidavits of jurors concerning occurrences in the jury room during deliberations. The salutary purpose of this rule in preserving the secrecy and sanctity of the jury room is manifest. The subject is treated in Carmody-Wait Cyclopedia of New York Practice (Vol. 6, ch. 58, § 31), as follows: " The better rule is that the principle which precludes the impeachment of a verdict by the affidavits or testimony of the jurors is confined to matters connected with the deliberations of the jury during their retirement." Undoubtedly, there are a variety of instances where affidavits have been accepted by the court to establish misconduct outside the jury room; and apart from the deliberations of the jury.

As previously stated, it appears from the affidavits of several of the jurors that the books were consulted and used during the deliberations of the jury. Seemingly, under these circumstances, the affidavits annexed to the moving papers fall within the proscription of the rule above enunciated. On this ground alone, the court would be disposed to deny the motion.

However, another compelling reason exists for denial of the motion. As urged by defendant, it is elemental that the jury may not take with them to the jury room books, writings and papers which were not received in evidence. (*Long* v. *Payne,* 198 App. Div. 667; *Matter of Roberts,* 246 App. Div. 87.) The misconduct of the jury in examining books or records not in evidence is an irregularity which, *if deemed harmful* (emphasis supplied) may be sufficient cause for setting aside a verdict. (*Howland* v. *Willetts,* 9 N. Y. 170; *Lamphear* v. *MacLean,* 176 App. Div. 473; *Guntzer* v. *Healy,* 176 App. Div. 543;. *Long* v.

*Payne, supra; Public Operating Corp.* v. *Weingart,* 257 App. Div. 379; *Gambon* v. *City of New York,* 153 Misc. 401; *Altshuler* v. *Exeller Chem. Co.,* 46 N. Y. S. 2d 28.) Ordinarily, a verdict will not be disturbed notwithstanding an irregularity if it is not likely that the jury was influenced thereby.

In order to determine what possible prejudicial influence the purported objectionable material may have had upon the deliberations of the jury, recourse must be had to the books themselves. One book is entitled " How to Serve on a Jury ". The other is entitled " Impressions of An Average Juryman." Clearly, neither book relates directly to the issues in the case at bar. They are of no evidentiary value whatsoever. The books outline generally the jury system; the duties and responsibilities of jurors during their service; and purport to depict scenes or testimony taken from actual court trials. The affidavit of defendant's trial counsel sets forth at length twenty-one quotations or passages from the books which he deems objectionable and prejudicial. It does not appear, however, that all of the quotations set forth were read by any of the jurors. Only three passages appear to have been read by the juror, Phyllis Holly, and only one passage appears to have been read by the juror, Arlyne Ellis. The other two jurors, whose affidavits are submitted by the defendant, do not appear to have read the books and do not identify any particular passage. There is no statement by any of the jurors that the passages read either influenced their deliberations or affected their judgment. The court has examined the purported objectionable passages, particularly those which appear to have been read by the jurors, and finds them to be innocuous and harmless.

The verdict arrived at by the jury in this case, after a protracted trial, and after six hours of deliberation, should not be vitiated, unless substantial prejudice has resulted to the unsuccessful litigant. This has not been established on the present motion. Motion denied. Defendant is granted a thirty-day stay and sixty days to make a case. Settle order on notice.