Daniel G. Albert, J.
This is an action in negligence which was tried before the court and a jury, the trial of which commenced on January 18,1963 and concluded late in the afternoon of January 22,1963.
At the conclusion of all of the testimony and the final summations of counsel the court charged the jury on the law and the jury retired to commence its deliberations at approximately 5:30 p.m. on January 22,1963.
Shortly thereafter the jury requested that all of the exhibits be given to it and then requested the use of a blackboard. Both these requests were granted by the court. After returning from dinner the jury continued to deliberate and at approximately 9:00 p.m. it requested that the court repeat its charge on the *104 question of contributory negligence. The jury was brought into the courtroom and the court again charged the jury on the definition of negligence and contributory negligence, after which the jury retired. At approximately 9:25 p.m. the jury requested that a dictionary be sent into the juryroom. The court directed the Clerk of the court to advise the jury that they could not have a dictionary but that the court would consider an elaboration by the jury as to why they wanted a dictionary. The jury then sent a written request to the court asking for definitions of “prudent”, “normal”, “average”, “careful”, and also the question, “ Is poor judgment negligence? ”
The jury was again brought back into the courtroom and the court again instructed the jury on what the law requires, namely that the operator of a motor vehicle is required to exercise the kind of care that an ordinary careful and prudent man would exercise, that is, not super care or extraordinary care, but that degree of care usually exercised by an ordinary careful person under similar circumstances. The court instructed the jury that it was not to consider averages in reaching a decision. The jury then retired to deliberate further and at approximately 11:00 p.m. reported to the court that they could not reach a verdict. After again bringing the jury into the courtroom the court inquired of the jurors whether they thought that they might be able to reach a fair and reasonable verdict if they were permitted to return the following morning. Every member of the jury indicated favorable reaction to the court’s suggestion and the court thereupon recessed to 10:00 a.m. the following morning. This procedure was acquiesced in by counsel for all of the parties.
The following morning, January 23, 1963, shortly after the jury resumed deliberations and at approximately 10:30 a.m. the court received word that the jury had reached a verdict. They returned to the courtroom and announced a verdict in favor of the defendants by a vote of 10 to 2. Application was thereupon made to set aside the verdict and for a new trial by plaintiffs’ counsel and this motion was denied and the jury was thereupon discharged from further jury duty by the court and immediately dispersed and left the courtroom.
Approximately 8 to 10 minutes after the discharge of the jury, counsel for plaintiffs requested to see the court in its chambers and he had with him a Mr. Singer, one of the jurors who had voted in favor of a verdict for the plaintiffs. Mr. Singer stated to the court that the foreman of the jury had brought a written definition of negligence into the courtroom that morning, having stated that he had obtained the definition from the Oxford Uni *105 versal Dictionary, and that thereupon, within a few minutes he had convinced all but two of the jurors who had theretofore favored a verdict for the plaintiffs, that, according to the definition brought into the juryroom, the plaintiffs were negligent and therefore the verdict should be for the defendant.
Plaintiffs’ counsel thereupon renewed his application to set aside the jury’s verdict and for a new trial because of the misconduct on the part of a juror.
All of the members of the jury having left the courthouse, with the exception of the one brought into the court’s chambers by plaintiffs’ counsel, the court reserved decision on the motion and advised plaintiffs’ counsel, in the presence of defendants’ counsel to make a formal application based on affidavits.
This decision is upon the application thereafter made by plaintiffs to set aside the verdict of the jury and for a new trial.
In addition to the affidavit of plaintiffs’ attorney who tried the case for the plaintiffs, there is attached to the moving papers an affidavit of Joel Thaw, the foreman of the jury, who states in substance that “We had asked the Judge if we might have a dictionary in order to learn and ascertain the definition of certain words. The Judge would not give us a dictionary, but he did not state that we couldn’t look at one.” The same juror also states that prior to the introduction of the dictionary definition of negligence into the juryroom by him, the jury had stood 7 to 5 for the defendants and that he was one of the jurors who favored a verdict for the plaintiffs. Thereafter he looked up the definition of negligence in the Oxford Universal Dictionary, Third Edition, Unabridged, and found the following definition of negligence: ‘1 Lack of proper care in doing something ; instance or act of inattention or careless behavior and that he wrote this definition down on a piece of paper when he returned home and that he read it to the jury in the juryroom the following morning.
The court is aware of the well-recognized practice of not disturbing the verdict of a jury or permitting a jury to impeach its own verdict unless the court is satisfied that some act occurred in the juryroom contrary to law and which act would or might result in prejudice to one or more of the litigants.
Every jury is sworn and duty-bound to follow the law of the case as charged by the court whether the jurors agree with existing law or not. In this case the action of a juror in bringing a written definition of a legal term from an outside source such as a dictionary into the courtroom and thereupon proceeding to convince the jurors that that definition should be followed and the definition as charged by the court should be disregarded, *106 particularly as occurred in this case after the court specifically denied the jury access to a dictionary, constitutes, in the court’s opinion, the kind of conduct on the part of a juror and the subsequent action of the balance of the jurors thereon that should be frowned upon; and is of sufficient gravity under the circumstances. to direct that a new trial be granted to all concerned.
In the case at issue the definition of what constituted negligence and contributory negligence was vital in the final determination of the jury, and the court had given very detailed and full instructions on the subject of negligence and contributory negligence, and since the incident of bringing into the juryroom the written definition of an outside source was not called to the attention of the court until after the jury’s verdict was rendered, the court believes that substantial justice requires that a new trial be granted. (Long v. Payne, 198 App. Div. 667.)
Accordingly, the motion of plaintiffs to set aside the verdict of the jury and for a new trial is granted.