Joseph A. Sarafite, J.
Defendant Selwyn P. Schenkman makes a second motion to .set aside the verdict, this time pursuant to CPLK, 4404 (.subd. [a]) on the ground of jury misconduct or, in the alternative, for an order directing a hearing of all the jurors on the issue and upon conclusion of the hearing for an order setting aside the verdict. Defendants Parkchester General Hospital and Samuel Stromberg cross-move for the same relief. The plaintiff opposes the relief sought.
This is an action — arising from an occurrence in 1960 and pending on the calendar for over eight years — for damages for conscious pain and suffering and wrongful death arising out of malpractice and for assault. After a 13-week jury trial, a verdict on three causes of action was returned on February 5, 1971.
In the action for conscious pain and suffering, a verdict was rendered against the plaintiff and in favor of defendant Schenkman and in favor of the plaintiff and against defendants Parkchester General Hospital and Stromberg in the sum of $80,000.
In the action for wrongful death, the jury returned a verdict against all three defendants in the amount of $300,000.
On the cause of action for assault against the defendant Schenkman ¡alone, the jury returned a verdict in his favor.
On a previous motion to set aside the jury verdict, the court granted defendants ’ motion to set aside the verdict on the cause of action for pain ¡and suffering as being excessive, unless the *1032 plaintiff filed a stipulation consenting to a reduction to $10,000. On March 10, 1971 the plaintiff filed .such stipulation.
The defendants’ instant motion is based on an affidavit of a juror stating that one of the jurors during the second day of deliberations, ‘ ‘ brought in a medical dictionary. She looked up several medical terms used during the trial and explained their meaning. She was told .she was not allowed and she put the book away.” The affidavit states further that on the third day of deliberations, another juror 1 ‘ brought in .some figures from the Department of Correction concerning the salary of employees and other benefits received by the Department of Correction employees * * * The jury used the figures' when considering the amount to be awarded to the plaintiff.”
The defendants submit no proof as to what terms were allegedly read from the dictionary. No statement has been submitted by any juror that the alleged terms read either influenced their deliberations or affected their judgment.
The defendants contend that the actions of these jurors in disregarding the court’s admonition were improper. They argue that the determination of medical terms by resort to a medical dictionary and the possible use of the dictionary to determine whether or not a particular procedure was or was not necessary is prejudicial to the defendants. There is no evidence that any juror in fact used the dictionary to guide them on the subject of medical procedure. The defendants maintain that the action of the second juror in ‘1 discussing the matter outside of the Courtroom, with someone in the Department of Correction, determined the amount that the widow should .receive ” was misconduct which went to the heart of the issues in the case. It should be noted that the juror makes no such statement, it is the lawyer who states that the juror discussed it “ with someone in the Department of Correction ”, There is no evidence to substantiate the lawyer’s statement.
The plaintiff maintains that in a civil action, affidavits or statements of jurors setting forth jury misconduct in the course of deliberations cannot be utilized to impeach the verdict.
The general rule is that sound public policy forbids the impeachment of a verdict by the testimony or affidavits of jurors concerning occurrences during jury room deliberations. The rule is set forth in Davis v. Lorenzo’s Inc. (258 App. Div. 933) as follows: ‘ ‘ Statements made outside of a court by a juror following the trial, as well as 'affidavits made by a juror after the trial, may not be used to impeach the verdict of the jury.” *1033 (See, also, People v. Sprague, 217 N. Y. 373 ; Gregory v. Bijou Theatre Co., 138 App. Div. 590 ; Payne v. Burke, 236 App. Div. 527.)
The rule dates from the 1785 decision of Lord Mansfield in Vaise v. Delaval (1 Term. Rep. 11) and the reason for the' rule was well stated by the United States Supreme Court in McDonald v. Pless (238 U. S. 264, 267): “ But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation— to the destruction of all frankness and freedom of discussion and conference.”
Exceptions to this rule do exist however, such as where statements of a juror would show misconduct on the part of others in dealing with the jury (Dalrymple v. Willimns, 63 N. Y. 361), or where a juror concealed facts before he was selected as a juror, which it was his duty to disclose and which, if known, would have resulted in his being excused (McHugh v. Jones, 258 App. Div. 111), or in criminal cases where the defendant’s Sixth Amendment rights are violated by outside influences on a jury (People v. De Lucia, 20 N Y 2d 275).
The allegations of the defendants as to the jurors’ conduct in the instant case do not bring it within any of these exceptions.
The defendant Stromberg correctly cites the case of Holland v. Levine (39 Misc 2d 103) for the proposition that the examination by a jury of 1 ‘ books and records not in evidence is an irregularity which may be if deemed harmful, sufficient cause to set aside the verdict.” The defendants’ reliance on the Holland case is misplaced, however, as the facts there can be distinguished from those presented in the instant case. Parenthetically, this is the only case relied upon by any of the defendants on this motion.
The arguments of counsel for the defendants are not substantiated by the proof submitted. The affidavit submitted is clearly insufficient to justify any action by the court.
In the absence of any proof of substantial prejudice resulting to the defendants, the verdict of the jury in this case, after a *1034 protracted trial of over three months, and after three days of jury deliberation, should not be lightly set aside (see Sineri v. Smilkstein & Sons, 205 Misc. 745, affd. 285 App. Div. 959). No such prejudice has been demonstrated here.
The motion of defendant Schenkman and the cross motion of defendants Parkchester General Hospital and Stromberg are accordingly denied.