■ MYRA MASLINSKI, Respondent, v BRUNSWICK HOSPITAL CENTER, INC., Defendant, and NEUSTADTER & RAYMOND, M.D., P. C., et al., Appellants.—In a medical malpractice action to recover damages for wrongful death, etc., the defendants Neustadter & Raymond, M.D., P. C., Murray I. Neustadter, and Norman Raymond, appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 2, 1985, as, after a hearing, granted the plaintiff's motion pursuant to CPLR 4404 to the extent that the jury's

verdict was set aside, and a new trial was granted on the ground of juror misconduct.

Order affirmed insofar as appealed from, with costs.

At the conclusion of the testimony in this action the jury was instructed, *inter alia,* on the law of negligence as it applied to the case. During its deliberations, the jury sought clarification of the law of malpractice, reached a tentative verdict that same day, and requested permission to think about it overnight, which request was granted. That evening, one of the jurors copied the definition of "malpractice" from several medical dictionaries and read the definitions to the jury the following day. Thereafter the jury voted 5 to 1 for a verdict in favor of the appellants. The following day, this impropriety was reported to the plaintiff's attorney, who then moved to set aside the verdict pursuant to CPLR 4404 on the ground of juror misconduct. At a hearing on the matter during which all of the jurors testified, it was established that the tentative verdict had been 5 to 1 for the plaintiff and that the reported impropriety had in fact occurred. Trial Term determined that the misconduct tainted the jury's verdict and was prejudicial to the plaintiff. We agree.

The rule is settled that the jury may not take with them to the jury room books and papers which were not admitted in evidence *(Long v Payne,* 198 App Div 667). Where an issue of juror misconduct is involved, the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would result *(Alford v Sventek,* 53 NY2d 743). In this case malpractice was the critical issue, the dictionary definition of "malpractice" could not possibly have been offered or read in evidence, and the hearing testimony indicated that once the definitions of "malpractice" were introduced, these definitions rather than the court's instructions on negligence were considered *(see, Long v Payne, supra).* Under these circumstances, Trial Term did not err in setting aside the verdict and granting a new trial. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.