■ JAMES DESMOND, JR., Individually and as Administrator

of the Estate of PATRICIA DESMOND, Deceased, Appellant, v
NASSAU HOSPITAL et al., Defendants, and PAUL K. MERCURIO,
Respondent.—In a medical malpractice action to recover dam-
ages for wrongful death, the plaintiff appeals from (1) an order
of the Supreme Court, Nassau County (Becker, J.), dated June
23, 1988, which, after a hearing, denied the plaintiff's motion
pursuant to CPLR 4404 to set aside a jury verdict in favor of
the defendant Mercurio, and (2) a judgment of the same court,
entered July 20, 1988, which, upon a jury verdict, is in favor
of the defendant Mercurio and against him.

Ordered that the appeal from the order is dismissed; and it
is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant Mercurio is awarded one bill of
costs.

The appeal from the intermediate order must be dismissed
because the right of direct appeal therefrom terminated with
the entry of judgment in the action (see, Matter of Aho, 39
NY2d 241, 248). The issues raised on appeal from the order
are brought up for review and have been considered on the
appeal from the judgment (CPLR 5501 [a] [1]).

The gravamen of the instant medical malpractice action was
that the defendant Mercurio failed to diagnose a condition of
bacterial meningitis.

At the conclusion of the trial, the jury returned a verdict in
favor of the defendant Mercurio. Thereafter, the plaintiff
moved pursuant to CPLR 4404 (a) to set aside the verdict
based, inter alia, on juror misconduct. Specifically, the plain-
tiff alleged that one of the jurors had done research on the
subject of meningitis and had a copy of certain material in her
possession during the jury's deliberation. A hearing was con-
ducted, and at the conclusion thereof, the Supreme Court
denied the plaintiff's motion. We affirm.

The record indicates that the copied material consisted of a
definition of meningitis taken from a medical dictionary.
However, the definition of meningitis was not a material issue
in the instant action and the juror in question did not "really
read [the definition] through" or "use it as any basis for [her]
deliberations". Further, the testimony adduced at the hearing
indicated that the copied material was never disseminated, in
any manner, to the other jurors. Under these circumstances,
the Supreme Court properly denied the plaintiff's motion to
set aside the verdict (Richardson, Evidence § 407 [Prince 10th
ed]; People v Brown, 48 NY2d 388, 394; People v Sprague, 217

NY 373; *cf., Maslinski v Brunswick Hosp. Center,* 118 AD2d 834; *Long v Payne,* 198 App Div 667). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.