■ Gasper DiRende et al., Appellants, v Mario A. Cipollaro et al., Respondents and Third-Party Plaintiffs-Respondents. DiFar Restaurant Corp., Doing Business as Rino Restaurant, Third-Party Defendant-Respondent. [650 NYS2d 695] —Judgment, Supreme Court, Bronx County (Lottie Wilkins, J.), entered on or about April 6, 1995, which, after a jury verdict in defendants' favor, dismissed the complaint, unanimously affirmed, without costs.

The trial court properly declined to set aside the verdict, which was based upon sufficient evidence and was not against the weight of the evidence. Although the lease did not include the backyard, where plaintiff was injured, as part of the demised premises, the owners' control of the area is not governed solely by the lease. The court properly instructed that the jury was entitled to consider the conduct of the parties and the actual use of the yard as well. The out-of-possession owners were not liable on the ground that they had a contractual right to reenter, inspect and make needed repairs, since the broken concrete slab upon which plaintiff tripped and fell was not a structural defect that contravened a specific statutory safety provision (*see, Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326-327); the statutory provisions relied upon reflect only the general duty to keep premises in good repair (*see, Manning v New York Tel. Co.*, 157 AD2d 264, 269-270).

The denial of a supplemental charge was not error, inasmuch as there was no manifestation of continued juror confusion after the court repeated a portion of its initial charge in response to a jury inquiry, the jury rendered its verdict only minutes after the charge was repeated, and the sole exception to the court's denial of the request for a supplemental charge had nothing to do with the error now asserted.

The court's refusal to inquire regarding the unauthorized

receipt of a dictionary by the jury during deliberations does not warrant a new trial, the court having provided a timely curative instruction, which the jury presumably followed and as to which no exception was taken (*cf.*, *Maslinski v Brunswick Hosp. Ctr.*, 118 AD2d 834; *Desmond v Nassau Hosp.*, 157 AD2d 828, *lv denied* 75 NY2d 711). We have considered plaintiffs' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Williams, Mazzarelli and Andrias, JJ.