■ GALINA OLSHANTESKY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [964 NYS2d 101]—

Order, Supreme Court, New York County (Lottie E. Wilkins, J.), entered July 19, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to reinstate the jury verdict and to vacate the court's declaration of a mistrial, unanimously modified, on the law and the facts, to reinstate the verdict on damages, and order a new trial as to liability only, and otherwise affirmed, without costs.

Immediately after receiving the verdict in this personal injury action, an off-the-record discussion with the jury revealed that they had consulted an online dictionary to define the term "substantial."

Although plaintiff contends for the first time on appeal that the court erred in declaring a mistrial after the jury was discharged based on "unsworn testimony" of the jury foreperson, appellate review of the argument is appropriate because it involves an essential question of whether the trial court exceeded its power and the issue "is apparent upon the face of the record and could not have been avoided if raised at the proper juncture" (*Rafa Enters. v Pigand Mgt. Corp.*, 184 AD2d 329, 330 [1st Dept 1992]).

The record shows that the jury had not been discharged when the court began its inquiry into the jury's misconduct. Indeed, after the court received the jury's verdict and thanked the jury for its service, the jury remained in the courtroom during an off-the-record discussion that revealed the misconduct and during a follow-up discussion on the record (*cf. Winters v Brooklyn & Queens Tr. Corp.*, 236 App Div 819 [2d Dept 1932]; *International-Madison Bank & Trust Co. v Silverman*, 234 App Div 619 [2d Dept 1931]).

In any event, regardless of whether the jury was discharged, the court properly engaged in an inquiry regarding external influences on the jury (*see Sharrow v Dick Corp.*, 86 NY2d 54, 61 [1995]; *Alford v Sventek*, 53 NY2d 743, 744 [1981]). Further, the court properly determined that the jury's act of consulting an outside dictionary on a term critical to its decision constitutes misconduct warranting a mistrial, especially since the foreperson indicated that the jury was "confused" about the term "substantial" and the court was unable to give curative instructions (*compare Maslinski v Brunswick Hosp. Ctr.*, 118 AD2d 834 [2d Dept 1986], *and Long v Payne*, 198 App Div 667, 670-671 [4th Dept 1921], *with Kraemer v Zimmerman*, 249 AD2d 159, 160

[1st Dept 1998], *and DiRende v Cipollaro*, 234 AD2d 78, 78-79 [1st Dept 1996], *lv denied* 90 NY2d 806 [1997]).

However, because the jury's misconduct related only to the issue of liability, and there is no evidence that it affected the jury's determination on damages, we reinstate the verdict on damages (*see Pope v 818 Jeffco Corp.*, 74 AD3d 1165 [2d Dept 2010]). Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Renwick and Manzanet-Daniels, JJ.