OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On November 10,1976 two vehicles, traveling in opposite directions, rounded a curve and collided, leading to the death of plaintiff’s intestate. Each of the vehicles came to rest in its own lane of traffic. The principal issue of negligence at the trial was which vehicle had crossed into the other’s lane. The jury returned a verdict of no cause of action. A subsequent poll of the jurors revealed that the vote had been five to one, with juror Dengler having voted consistently for plaintiff. Shortly thereafter this juror revealed in an affidavit and at a later hearing that he had visited the scene of the accident, had run tests on the curve, and had communicated his findings to the other jurors. The Trial Judge set aside the jury verdict and ordered a new trial upon the ground that the jury was subject to outside influences. The Appellate Division reversed and reinstated the verdict, finding no prejudice to the plaintiff on these facts. We find the order of the Appellate Division to be proper and, further, that the plaintiff has failed to demonstrate that he was prejudiced by the juror’s unauthorized viewing of the scene of the accident.
In general, a juror is not permitted to impeach his own verdict. However, an exception is made to the general rule when jurors are subject to an outside influence (see, generally, Richardson, Evidence [10th ed — Prince], § 407). Thus, where a juror makes an unauthorized viewing of *745 the scene of a crime, it has been held that the verdict may be impeached (see People v Crimmins, 26 NY2d 319; People v De Lucia, 20 NY2d 275). No ironclad rule concerning juror misconduct has been formulated, and we have observed that “[i]n each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered” (People v Brown, 48 NY2d 388, 394). On the facts of the present case, prejudice is neither apparent nor existent because here the juror who viewed the scene of the accident was the only jurior voting for the party seeking to overturn the verdict.
Obviously, one of the primary dangers of unauthorized viewings by a juror is that evidence may be considered by the jury against a party who has no opportunity to confront that “witness” or to rebut his evidence. This danger did not, of course, manifest itself in the present case. The juror who had made the unauthorized visit did not communicate observations which could harm plaintiff’s case, but instead the juror communicated to the others his conclusion that the defendant must have been at fault. The plaintiff cannot now claim prejudice from this activity; and on the record before us, we can only conclude that the unauthorized visit may have served to influence the one juror who made that visit and voted in plaintiff’s favor, but this was irrelevant to the outcome of the case since the remaining five jurors reached an opposite result. Although we have held that an unauthorized visit to the scene of a crime is inherently prejudicial in a criminal matter (see People v Crimmins, supra; People v De Lucia, supra), we decline to hold that such a visit would be inherently prejudicial in a civil matter.
Finally, we emphasize that jurors should continue to be admonished by the Trial Judge that they are not to view the scene of an accident or crime prior to rendering their verdict. Although the unauthorized action of one juror in this case did not lead to such prejudice as to require a new trial, it goes without saying that the courts must be vigilant in preventing any activity which might provide a potential for prejudice.