■ ANTHONY FITZGIBBONS, Appellant, v NEW YORK STATE UNIVERSITY CONSTRUCTION FUND, Respondent. (Appeal No. 1.) —Judgment unanimously reversed on the law with costs, and new trial granted on the issue of damages. Memorandum: After trial of plaintiff's action arising out of a construction accident in which his ankle was crushed, the jury found defendant, the owner of the work site, liable under Labor Law § 241 (6). The jury awarded plaintiff damages in the amount of $232,832.66: $73,667 for past pain and suffering (over 6-½ years); $53,333 for future pain and suffering (over 11 years); $93,333.33 for past lost earnings (over 6-½ years); $10,833.33 for future lost earnings (over 9 years); and $1,666 for past medical expenses. The jury awarded nothing for future medical expenses.

Plaintiff appeals from the judgment entered upon that verdict and from an order (subsumed in the judgment) denying plaintiff's challenges to the verdict and denying his motion for a new trial on the issue of damages. We reverse the

judgment and grant a new trial on all components of plaintiff's damages claim.

The verdict was tainted by an improper outside influence, viz., one juror's communications to the others about the benefits plaintiff would receive from workers' compensation. In informing the other jurors about the workers' compensation system and her experience with it, the juror injected "significant extra-record facts" into the deliberation process and thereby became an unsworn witness to "nonrecord evidence" (People v Legister, 75 NY2d 832, 833; Alford v Sventek, 53 NY2d 743, 745; People v Brown, 48 NY2d 388, 393). Moreover, by persuading the other jurors that plaintiff "was eligible to have his medical bills paid and to receive other workers' compensation benefits for the rest of his life", the juror improperly introduced her own legal notions into the case, thereby leading the jurors to depart from the law set forth in the court's charge (cf., Maslinski v Brunswick Hosp. Center, 118 AD2d 834; Long v Payne, 198 App Div 667, 670-671). Plaintiff sufficiently proved prejudice as a result of those communications (see, Alford v Sventek, supra). According to the unrefuted affidavits of two jurors, the jury awarded plaintiff "less for medical bills and other items of damages than [it] would have awarded" absent those communications.

In reversing the judgment, we also conclude that the verdict is inadequate, inconsistent and otherwise against the weight of the evidence. We particularly note the inadequacy of the award for future pain and suffering, and the inadequacy and inconsistency of the awards for past and future lost earnings. Further, the jury awarded plaintiff only approximately one-half of his uncontested past medical expenses. Although the court modified that part of the verdict to award plaintiff his full medical bills, that modification is not reflected in the judgment. We also note that the judgment does not reflect a reduction for the percentage by which plaintiff was determined to be comparatively negligent.

Finally, we conclude that it was error for the court to omit an interrogatory concerning future medical expenses from the verdict sheet. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Labor Law § 240.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.