■ DRELLA TAYLOR, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [608 NYS2d 499] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Zelman, J.), dated May 16, 1991, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In this case, the plaintiff contended that she had slipped and fallen in a puddle of water on the floor of the American Airlines terminal at John F. Kennedy Airport. During a break in jury deliberations, as some of the jurors were leaving a rest room, they observed an unknown woman lying on the floor in the courthouse. Apparently, the woman had suffered a fainting spell and had fallen, but the jurors did not actually see her fall. One of the jurors remarked that there was no water on the floor. The trial court explained what had happened to the jurors and questioned them about whether the incident

would influence them. All of the jurors unequivocally, and without hesitation, said that it would not. The court then denied the plaintiff's application for a mistrial, and the jury continued its deliberations. Several hours later, the jury returned a verdict in favor of the defendants.

On appeal, the plaintiff contends that the court erred in not granting a mistrial on the ground of improper conduct. We disagree.

While a jury verdict may be impeached upon a showing of improper influence (see, People v Brown, 48 NY2d 388; People v De Lucia, 20 NY2d 275), which term "embraces not merely corrupt attempts to affect the jury process, but even well-intentioned jury conduct which tends to put the jury in possession of evidence not introduced at trial" (People v Brown, supra, at 393), the decision to grant or deny an application for a mistrial is within the sound discretion of the trial court (see, Reome v Cortland Mem. Hosp., 152 AD2d 773). Generally, such a decision is made on a case-by-case basis, and the facts in each case "must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (Alford v Sventek, 53 NY2d 743, 745, quoting People v Brown, 48 NY2d 388, 394, supra; see, Maslinski v Brunswick Hosp. Ctr., 118 AD2d 834).

Contrary to the plaintiff's contentions, the incident in this case cannot be compared to those cases in which a new trial is ordered because a juror has engaged in "conscious, contrived, experimentation" (People v Brown, supra, at 394), or a deliberate effort to add to or clarify the evidence presented at trial (see, People v Mann, 125 AD2d 711), or an attempt to verify the reliability of prosecution witnesses (see, People v De Lucia, supra). Here, the incident was in the nature of an everyday experience that confronts everyone (see, People v Smith, 59 NY2d 988; People v Martin, 149 AD2d 534; People v Suraci, 137 AD2d 567), and the trial court carefully ascertained that the incident would not influence the jury's deliberations. Moreover, upon a review of the evidence adduced at trial, it cannot be said that the denial of the plaintiff's application for a mistrial resulted in a "substantial possibility of injustice" (Cohn v Meyers, 125 AD2d 524, 527). Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.