◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DANIELS, Appellant. [623 NYS2d 320] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered December 21, 1992, convicting him of assault in the second degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a

new trial is ordered. No questions of fact were raised or considered.

The jury selection in this case commenced on November 2, 1992. The rule of law enunciated in *People v Antommarchi* (80 NY2d 247), which governs jury selection after October 27, 1992, is therefore applicable *(see, People v Mitchell,* 80 NY2d 519). The record reveals that several prospective jurors were improperly questioned outside of the defendant's presence regarding, *inter alia,* possible biases and prejudices. Thus, under the particular facts of this case, a fundamental right of the defendant was violated, and the violation requires reversal and a new trial *(see, People v Antommarchi, supra).* Harmless error analysis is not appropriate *(see, People v Mehmedi,* 69 NY2d 759; *People v Feliciano,* 209 AD2d 634).

In addition, we note that the court erred in allowing the People to impeach a prosecution witness with prior statements because the witness's testimony did not "affirmatively damage" the People's case *(see, People v Andre,* 185 AD2d 276). This error was compounded by the court's failure to instruct the jury at the time the testimony was heard that it was to be used for impeachment purposes only *(see,* CPL 60.35 [2]; *People v Patterson,* 203 AD2d 597; *People v Wilson,* 195 AD2d 493). Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.