■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PINERO, Appellant. [632 NYS2d 205] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered December 7, 1993, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Reversal is mandated in this case by virtue of the Court of Appeals decision in *People v Antommarchi* (80 NY2d 247). The prosecutor and the defense counsel, in the presence of the court but in the absence of the defendant, questioned a prospective juror about his employment as an FBI agent and its potential influence on his objectivity. Such questioning of a prospective juror in the absence of the defendant has been held to be improper, and reversal is mandated, despite the absence of an objection by the defendant *(see, People v Antommarchi, supra,* at 250). Moreover, harmless error analysis is inapplicable *(People v Mehmedi,* 69 NY2d 759; *People v Daniels,* 213 AD2d 419).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.