■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DAVIS, Appellant. [635 NYS2d 487] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered December 23, 1992, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated June 5, 1995, the matter was remitted to the Supreme Court, Kings County, to hear and report on whether the defendant was present during the trial court's questioning of two prospective jurors, and the appeal was held in abeyance in the interim (see, People v Davis, 216 AD2d 314). The Supreme Court has now filed its report.

Ordered that the judgment is reversed, on the law, a new trial is ordered on the count of the indictment charging the defendant with criminal possession of a weapon in the second degree, and the count of the indictment which charged the defendant with murder in the second degree is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726).

After remittitur of this case for a factual reconstruction hearing, the attorneys for the respective parties stipulated that the defendant was not present during the trial court's questioning of two prospective jurors, which questioning triggered *Antommarchi* considerations *(see, People v Antommarchi,* 80 NY2d 247). Accordingly, reversal is mandated *(see, People v Pinero,* 220 AD2d 540; *People v Morris,* 217 AD2d 561).

In view of the foregoing, we need not reach the defendant's remaining contentions. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.