■ JAMES K. RYAN et al., Appellants-Respondents, v ORANGE COUNTY FAIR SPEEDWAY et al., Respondents-Appellants. [643 NYS2d 211] —In an action to recover damages for personal

injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from an order and judgment (one paper) of the Supreme Court, Orange County (Sherwood, J.), dated March 6, 1995, which, upon a jury verdict finding the defendants Orange County Agricultural Society and Drivers' Independent Race Tracks, Inc., to each be 25% at fault in the happening of the accident and the defendant Glenn Donnelly 50% at fault, and, upon a separate verdict finding that the plaintiff James K. Ryan sustained damages in the principal sum of $68,904.17 and that the plaintiff Florence Ryan sustained damages in the principal sum of $5,000, (1) is in favor of the plaintiff James K. Ryan and against the defendant Orange County Agricultural Society in the principal sum of $17,226.04, in favor of the plaintiff James K. Ryan and against the defendant Drivers' Independent Race Tracks, Inc., in the principal sum of $17,226.04, in favor of the plaintiff James K. Ryan and against the defendant Glenn Donnelly in the principal sum of $34,452.09, in favor of the plaintiff Florence Ryan and against the defendant Orange County Agricultural Society in the principal sum of $1,250, in favor of the plaintiff Florence Ryan and against the defendant Drivers' Independent Race Tracks, Inc., in the principal sum of $1,250, and in favor of the plaintiff Florence Ryan and against the defendant Glenn Donnelly in the principal sum of $2,500; and (2) denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages on the ground of purported juror misconduct; and the defendants cross-appeal, as limited by their briefs, from so much of the same order and judgment as found them to be at fault in the happening of the accident and assessed their respective degrees of fault in the happening of the accident.

Ordered that the cross appeal of the defendant Orange County Fair Speedway is dismissed, as that defendant is not aggrieved by the order and judgment cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the order and judgment is reversed, on the law, the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages is granted, and the matter is remitted to the Supreme Court, Orange County, for a new trial on the issue of damages only; and it is further,

Ordered that upon the cross appeals of the defendants Orange County Agricultural Society, Drivers' Independent Race Tracks, Inc., and Glenn Donnelly, the jury's findings of fact on the issues of liability and apportionment of fault are affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs pay-

able by the defendants Orange County Agricultural Society, Drivers' Independent Race Tracks, Inc., and Glenn Donnelly.

Because the jury's answers to the interrogatories posed in this action on the issue of liability were inconsistent with each other, the Supreme Court correctly directed it to reconsider its answers (*see,* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40; *Vera v Bielomatik Corp.,* 199 AD2d 132; *Hernandez v Levine,* 90 AD2d 481). Concerns of judicial economy required, under the circumstances, that, before granting a new trial, the court reinstruct the jury and send it back to reconsider. On reconsideration, the jury was free to substantively "alter its original statement so as to conform to its real intention", and was not bound by the terms of its original verdict inasmuch as that verdict was not entered by the court (*Bernard v Seyopp Corp.,* 11 AD2d 140, 141; *see also, Warner v New York Cent. R. R. Co.,* 52 NY 437). Moreover, the liability portion of this order and judgment, on the jury's verdict after reconsideration, was proper.

A new trial must be held on the issue of damages, however. There was testimony at a posttrial hearing which established that a juror, who held herself out as more knowledgeable than the others on the issue of personal injuries, disseminated information to the jury from an outside source, which was not evidence in the case or otherwise properly before the jury. There was also evidence that this outside information influenced the jury's decision as to damages. The probability that the juror misconduct resulted in a damage award which was lower than that which would have been awarded if the verdict had been based entirely on the evidence presented at trial is sufficiently high in this instance to require a new trial as to damages (*cf., Maslinski v Brunswick Hosp. Ctr.,* 118 AD2d 834; *see also, Alford v Sventek,* 53 NY2d 743, 745).

We have reviewed the defendants' remaining contentions and find them to be without merit. Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.