■ Thomas Houston et al., Respondent, v City of New York et al., Appellants. [682 NYS2d 380] —Judgment, Supreme Court, New York County (William Polito, J.), entered May 2, 1997, which, after a jury trial, awarded plaintiffs $500,000 on a verdict finding defendants 50% liable for the $1,000,000 in damages found to have been sustained by plaintiffs, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a new trial.

On December 8, 1990 at about 8 p.m., the injured plaintiff, a pedestrian staggering drunkenly against traffic across 8th Avenue in Manhattan, was struck by a radio motor patrol vehicle driven by Police Officer Vincent Rutelo near West 48th Street. At the hospital to which plaintiff was taken he was found to have a blood alcohol level of 222.7 mg per deciliter. At trial, Officer Rutelo testified that, just minutes before the incident, while stopped at a red light at 47th Street and 8th Avenue, he had received a "10-10 shots fired" transmission from Central Dispatch, which directed a police response to West 52nd Street between 9th and 10th Avenues. Since a "10-10" call is considered a high priority, Rutelo, according to his testimony, immediately turned on the siren and activated the vehicle's flashing lights. According to Rutelo, there were no vehicles in front of him and he never exceeded 20 miles per hour, driving in the center lane. With a green light in his favor at West 48th Street, Rutelo's car struck plaintiff as it was reaching the crosswalk on the south side of the intersection. He did not see plaintiff "until he was directly in front of [his] vehicle." Rutelo testified that he immediately applied the brake to prevent hitting plaintiff. Hours later, Rutelo made a memo book entry consistent with his version of the accident. A police-prepared

MV-104 accident report, based on Rutelo's statements, is also consistent with his account of the accident. A disinterested witness, George Reuter, standing on the southwest corner of 48th Street and 8th Avenue, testified that the police vehicle's siren and lights were not activated until much closer to 48th Street. The same witness described the police vehicle as moving slowly due to a "mass of traffic moving north." He also testified that the police vehicle "was accelerating". In his testimony, plaintiff acknowledged having consumed no less than nine "Seagram Sevens" and three beers before the accident. His last memory of the incident was of standing at the southwest corner of West 48th Street and 8th Avenue. At trial, he had no recollection of the accident.

The trial court charged the jury on both negligence and, in light of the mandate of Vehicle and Traffic Law § 1104 that a police car responding to an emergency be treated differently from other nonemergency vehicles, recklessness. The negligence standard was to be applied only if the jury found that Rutelo was not responding to an emergency. Defendants did not object to the charge as given. The jury found that Rutelo was not responding to an emergency, that he was negligent and that his negligence was a proximate cause of the accident. The jury found the City 50% liable for the accident and the trial proceeded to the damage phase. Because the trial court made two serious errors that significantly impacted on the fact-finding process, we reverse and remand for a new trial on all issues.

Given the state of the record, we agree that the trial court properly submitted to the jury the question of whether Officer Rutelo was responding to an emergency at the time of the accident. There was a discrepancy between Rutelo's testimony and that of the independent witness as to when the vehicle's lights and siren were activated. As to this sharply contested issue, defendants failed to call as a witness Officer McCarthy, Rutelo's recorder at the time of the accident. No excuse was offered for his absence and a missing witness charge was given. In the circumstances, McCarthy's testimony would not have been merely cumulative. In any event, defendants did not object to the charge giving both theories of liability to the jury and did not otherwise preserve their contention that an emergency existed as a matter of law.

In the circumstances in which the issue arose, the trial court's delivery of a missing document charge, however, was error and completely skewed the fact-finding process. For reasons that are irrelevant, defendants failed to produce a

Sprint Incident Record Listing documenting that a radio emergency call was transmitted with respect to a "10-10 * * * shots fired in the vicinity of West 52nd Street—9th Avenue—10th Avenue" until the day of trial. The trial court precluded its admission because defendants had earlier failed to produce the Sprint despite a court order. As finally produced, the Sprint fully supported Rutelo's testimony as to the emergency. The court charged the jury that it would infer that the missing Sprint, "if produced, would not have supported the [City] on that question", i.e., the existence of an emergency, and that it could "draw the strongest inference against the [City] on that question." To charge in that language, knowing that the Sprint did corroborate Officer Rutelo's testimony, was improper and completely unjustified (*see, Germe v City of New York*, 211 AD2d 480). Other, non-truth-impairing remedies, exclusive of the suppression of this document, whose content reflected defendants' position throughout, were available to address the City's dereliction.

The trial court also erred in delivering a missing witness charge with respect to defendants' failure to call Officer Fleming, who had exited from a coffee shop on the corner of West 48th Street and 8th Avenue with the disinterested witness, Reuter. Plaintiffs made no showing whatever that Fleming would provide testimony that would be non-cumulative to Officer Rutelo's. Over defendants' objection, the trial court told the jury that the City had failed to "call Officer Fleming to testify on the question of how the accident occurred" and that it could "draw the strongest inference against the [City] on that question". There is no basis in the record warranting such a charge. In view of these highly prejudicial errors, a new trial on both liability and damages is required. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.