*178 OPINION OF THE COURT
Per Curiam.
Order entered June 17, 1998 reversed, with $10 costs, motion denied and verdict reinstated.
We find unavailing petitioner’s contention that the unfavorable jury verdict rendered against it in this summary eviction proceeding was tainted by claimed juror misconduct. That a juror (Gant) appears to have relied during deliberations on his background experience as an attorney in offering his “interpretation” of relevant legal principles did not, without more, amount to an improper outside influence (see, Alford v Sventek, 53 NY2d 743, 744-745; People v Duffy, 185 AD2d 528, 529, lv denied 80 NY2d 903; cf., Fitzgibbons v New York State Univ. Constr. Fund, 177 AD2d 1033). A juror’s statements during deliberations based on background knowledge or personal beliefs, unaccompanied by extra-record information directly related to the litigation, provide no basis to impeach a jury verdict (see, People v Duffy, supra, 185 AD2d, at 529; see also, Bibbins v Dalsheim, 21 F3d 13, 17 [2d Cir], cert denied sub nom. Bibbins v New York, 513 US 901; Hard v Burlington N. R. R. Co., 870 F2d 1454, 1462 [9th Cir]; United States v Duzac, 622 F2d 911 [5th Cir], cert denied 449 US 1012; 8 Wigmore, Evidence §§ 2349, 2354 [1] [b] [McNaughton rev 1961]).
This is not a situation where a juror injected extraneous information into the deliberative process by consulting an outside source (compare, for example, Ryan v Orange County Fair Speedway, 227 AD2d 609, 611); it is instead a situation where a juror called on his own life experience and professional background, which the record significantly shows were made known to the parties during voir dire. As other courts have stated in analogous circumstances: “ ‘The proper time for a party to raise the issue of the potential impact of a juror’s specialized knowledge is during voir dire, not after the party accepts the juror with full knowledge that [he or] she does or may possess specialized knowledge.’” (Brooks v Zahn, 170 Ariz 545, 552, 826 P2d 1171, 1178, quoted in Nichols v Busse, 243 Neb 811, 831, 503 NW2d 173, 187.)
In sum, juror Gant’s professional experience as an attorney was a matter that he naturally brought with him to the deliberations, and his reliance on knowledge derived from that experience is outside the realm of impermissible influence. A contrary holding would serve to encourage unwanted judicial scrutiny into the tenor of jury deliberations (see, People v *179 Brown, 48 NY2d 388, 393; see also, United States v Thomas, 116 F3d 606, 620-624 [2d Cir]) and, ultimately, to frustrate the policy goals underlying recent jury reform measures to facilitate the selection of attorneys and other professionals to jury pools comprising “a fair cross-section of the community” (Judiciary Law § 500, as amended by L 1995, ch 86, § 1; see, Kaye, A Judge’s Perspective on Jury Reform From the Other Side of the Jury Box, 15 GP Solo & Small Firm Law 46; Jury Project, Report to Chief Judge of the State of NY, at 31-34 [1994]).
While we need not dispositively address the issue of prejudice in light of the foregoing, we do note the absence of persuasive evidence at the posttrial hearing below that the jurors in reaching their verdict failed to apply the legal principles enunciated in the trial court’s instructions or that the loosely described statements attributed to juror Gant played a significant part in the jury’s decision-making process (see, Alford v Sventek, supra, 53 NY2d, at 745; People v Gonzales, 228 AD2d 722, lv denied 88 NY2d 1021). It is significant in this regard that the lone dissenting juror — whose scatter-gun affidavit broadly alleging various forms of juror misconduct and bias formed the cornerstone of petitioner’s postverdict attack on the fairness of the jury process — had no independent memory at the posttrial hearing of the content of juror Gant’s deliberation statements. Even when viewed most favorably to petitioner, that witness’s testimony together with the other hearing evidence supports at most a finding that the statements ascribed to juror Gant merely caused the jury to ask the Trial Judge to issue clarifying instructions on the law, a request complied with by the court to the apparent satisfaction of both parties.
Parness, P. J., McCooe and Freedman, JJ., concur.