■ CHRISTOPHER GARCIA, Appellant, v BROOKLYN HOSPITAL, Respondent. [704 NYS2d 635] —In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), entered October 23, 1998, which, upon a jury verdict in favor of the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff alleges that despite the trial court's efforts to prevent the jury from learning of the death of defense counsel's mother, one of the jurors approached defense counsel outside

the courtroom and expressed his condolences. This conversation allegedly occurred before summation and allegedly consisted of "unduly prejudicial information" which infiltrated jury deliberations and prejudiced the plaintiff at trial (*see, People v De Lucia,* 20 NY2d 275, 279; *People v Loliscio,* 187 AD2d 172, 179).

A jury verdict may be impeached "upon a showing of improper influence", including well-intentioned conduct which " 'tends to put the jury in possession of evidence not introduced at trial' " (*Taylor v Port Auth.,* 202 AD2d 414, 415). However, in considering the specific nature of the information made known to the jury and the likelihood that the plaintiff would be prejudiced by it (*see, Alford v Sventek,* 53 NY2d 743, 745; *People v Brown,* 48 NY2d 388, 394), the alleged conversation between the juror and defense counsel, even if established, was not prejudicial to the plaintiff's case. Accordingly, a new trial is not warranted (*see, Silverman v New Rochelle Hosp.,* 98 AD2d 774; *Werner v Interurban St. Ry. Co.,* 99 App Div 592, 593-595).

The parties' remaining contentions are without merit. O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.