■ CAPITAL MEDICAL SYSTEMS, INC., Appellant, v FUJI MEDICAL SYSTEMS, U.S.A., INC., Respondent. [705 NYS2d 122] —Mer-

cure, J. Appeals (1) from a judgment of the Supreme Court (Lynch, J.), entered January 11, 1999 in Schenectady County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered July 23, 1999 in Schenectady County, which denied plaintiff's motion for, *inter alia*, a new trial.

Defendant is the exclusive United States distributor of X-ray film and film processors manufactured by Fuji Photo Film Company, Ltd. of Japan. From 1980 through 1989, plaintiff served as a Fuji subdistributor and commission agent in upstate New York. Although making no express provision for exclusivity, the parties' 1985 distributorship agreement reserved unto defendant the right, upon notice to plaintiff, to make direct sales of Fuji products within plaintiff's territory to, as relevant here, national accounts, i.e., customers having branch offices both within and without plaintiff's territory. Notwithstanding the expiration of the 1985 distributorship agreement on December 25, 1985 and the parties' failure to enter into a successor contract, an August 8, 1986 letter from Thomas Hayes, defendant's zone manager, to plaintiff's principal recognized the parties' continued relationship and contained the following handwritten notation bearing the date of "8-14-86" (hereinafter the Hayes notation): "Again, you are our exclusive Fuji dealer and shall remain so, as long as we maintain our mutually exclusive relationship and coverage is maintained in the territory. * * * We will continue to renew our distributorship agreements on annual bases, as long as this relationship continues." It is undisputed that defendant made direct sales to a group of hospitals, the Iroquois Hospital Consortium (hereinafter IHC), authorized another distributor to sell its products in plaintiff's territory in 1988 and terminated its relationship with plaintiff in 1989.

As relevant to this appeal, the complaint asserts causes of action alleging defendant's breach of the 1985 distributorship agreement by making direct sales to IHC in 1985, breach of defendant's promise to pay commissions to plaintiff on defendant's direct sales to IHC member hospitals, and breach of plaintiff's exclusive distributorship agreement by allowing the competitor distributor to sell Fuji film products in plaintiff's territory. Following an 18-day trial, the jury made the following factual determinations: (1) defendant did not breach the 1985 distributorship agreement by submitting a bid to IHC, (2) after the 1985 contract expired, the parties entered into an implied contract, (3) Hayes had actual or apparent authority to bind defendant by virtue of the Hayes notation, (4) plaintiff

substantially performed its obligations under the implied contract, (5) neither defendant's 1988 appointment of a competitor distributor in plaintiff's territory, the 1989 termination of plaintiff's distributorship, nor defendant's bids to IHC in the years after 1985 constituted a breach of the implied contract. Subsequently, plaintiff moved for judgment notwithstanding the verdict or for a new trial upon the ground that the verdict was against the weight of the evidence and on the basis of claimed juror bias. Alternatively, plaintiff sought a hearing to determine whether the trial had been tainted by juror bias. Supreme Court denied all of plaintiff's posttrial motions. Plaintiff appeals the order denying the posttrial motions as well as the judgment rendered in favor of defendant.

We affirm. Initially, we conclude that Supreme Court did not err in summarily denying so much of plaintiff's posttrial motion as was predicated upon claimed juror bias. In support of the application, plaintiff submitted a single juror affidavit which, if credited, established only that the jury foreperson had at some point during the trial expressed an interest in obtaining employment in the medical X-ray field and stated that perhaps he should talk with defendant's trial representative about a job. The evidence also showed that the foreperson, who may have influenced the other jurors to render a verdict in favor of defendant, spoke with defendant's representative after the jury had been discharged and ultimately did obtain employment in the medical X-ray field.

In an effort to ensure the finality of verdicts, prevent the harassment of jurors and protect the integrity of the deliberation process, juror affidavits may not be used to impeach a jury verdict absent a showing of exceptional circumstances (*see, Sharrow v Dick Corp.*, 86 NY2d 54, 60-61; *Lustyik v Manaher*, 246 AD2d 887, 889; *Alkinburgh v Glessing*, 240 AD2d 904, 905; *Grant v Endy*, 167 AD2d 807, 807-808). In our view, no such exceptional circumstances have been shown to exist in this case. Rather, we agree with Supreme Court's conclusion that plaintiff's claim of juror bias is wholly speculative. Significantly, plaintiff has made no competent showing of any "outside influences" such as a third party's contact with a juror during the trial, a juror entering information not in evidence into the jury's deliberations or a juror's intentional concealment of facts during voir dire (*see, People v Young*, 197 AD2d 874, 875, *lv denied* 82 NY2d 854; *People v Hentley*, 155 AD2d 392, *lv denied* 75 NY2d 919; *People v Morales*, 121 AD2d 240, 241-242). We also note that the allegations set forth in the juror affidavit submitted by plaintiff were completely refuted by affidavits of the foreperson and three other jurors and two alternates.

We also reject plaintiff's various attacks on the jury's verdict. First, read in context, it is quite clear that this Court's statement on a prior appeal that "[p]laintiff rightly notes that IHC does not come within any of the four categories of accounts to which [defendant] had reserved its right to sell Fuji products and that plaintiff notified [defendant] that bidding to IHC violated their exclusive agreement" (239 AD2d 743, 746) did not constitute a legal determination that defendant had breached the 1985 distributorship agreement by submitting a bid to IHC. Two sentences later, we specifically held that "issues of fact exist as to plaintiff's first cause of action regarding whether [defendant's] direct selling of Fuji products was a breach of the 1985 agreement" (*id.*, at 746). We also note that plaintiff agreed to the submission of this very issue to the jury, thereby evidencing its complete understanding of the effect of our prior order.

In our view, the balance of plaintiff's attack on the verdict was properly rejected as untimely. Although considerable effort has been made to characterize the contention as one addressed to the sufficiency of the evidence, plaintiff's assertion that there was no evidence to support the jury's findings that defendant did not breach the implied contract is actually a thinly veiled claim that the verdict is inconsistent. In essence, plaintiff's claim is that, consistent with the jury's findings that (1) an implied contract arose following the expiration of the 1985 distributorship agreement, (2) the implied contract was expressed in the Hayes notation, and (3) plaintiff performed its obligations under that contract, the jury could not rationally find that defendant did not breach that contract by appointing a competitor distributor in plaintiff's territory, in terminating plaintiff's distributorship and in its bids to IHC after 1985. By failing to raise these alleged inconsistencies before the jury was discharged, plaintiff deprived Supreme Court and the jury of the opportunity to take corrective action, thereby failing to preserve the issue for review (*see, Grzesiak v General Elec. Co.*, 68 NY2d 937, 939; *Preston v Young*, 239 AD2d 729, 732).

In any event, it is our further view that plaintiff's attack on the sufficiency of the evidence is lacking in merit. Even though the jury found that there was an implied contract and that plaintiff performed under that contract, the fact remains that we have no means of determining the precise terms of that contract, as it was viewed by the jury. Based upon our consideration of the evidence, we conclude that the jury could have rationally determined that, under the circumstances in effect during the relevant time period, defendant did not breach

the implied contract by appointing a competitor distributor in plaintiff's territory, in terminating plaintiff's distributorship and in its bids to IHC after 1985. Notably, the jury did not find that the parties' implied agreement was precisely as expressed in the Hayes notation. Rather, it merely found that Hayes had authority to bind defendant in that writing. Plaintiff's presumptuous reasoning fails to account for the fact that the Hayes notation was by no means free from ambiguity and that it did not necessarily express the precise agreement of the parties.

The parties' remaining contentions have either been considered and found to be lacking in merit or have been rendered academic by the foregoing.

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, with costs.