■ KEITH CHUNG, Appellant, v REHANA SHAKUR et al., Respondents, et al., Defendants. [709 NYS2d 590] —In an action to recover damages for medical malpractice, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated February 3, 1999, as denied his motion for a mistrial based upon juror taint, and (2) from a judgment of the same court, entered March 10, 1999, which is in favor of the defendants Rehana Shakur and Albert Douglas and against him, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The decision to grant or deny a mistrial is within the sound discretion of the trial court and is to be made on a case-by-case basis (*see, Taylor v Port Auth.,* 202 AD2d 414). "[T]he facts in

each case 'must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " (*Taylor v Port Auth., supra,* at 415, quoting *Alford v Sventek,* 53 NY2d 743, 745).

There was no evidence that the other jurors observed the involvement of the defendant physicians in the care provided to a juror who left the courtroom and became ill in the hallway (*see, Brandon v Karp,* 112 AD2d 490, 493). Even if one or more of the other jurors had observed the intervention, the defendants' involvement was minimal and did not influence them, as was confirmed by each juror's statement in the course of the in camera interviews, in which counsel were invited to participate. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.