■ MICHAEL EDBAUER, Respondent, v BOARD OF EDUCATION OF NORTH TONAWANDA CITY SCHOOL DISTRICT et al., Defendants. BOARD OF EDUCATION OF NORTH TONAWANDA CITY SCHOOL DISTRICT et al., Third-Party Plaintiffs, v McPHERSON STEEL CORPORATION, Third-Party Defendant-Appellant. (Appeal No. 1.) [730 NYS2d 924] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Discovery.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.

■ MICHAEL EDBAUER, Respondent-Appellant, v BOARD OF EDUCATION OF NORTH TONAWANDA CITY SCHOOL DISTRICT et al., Respondents. BOARD OF EDUCATION OF NORTH TONAWANDA CITY SCHOOL DISTRICT et al., Third-Party Plaintiffs, v McPHERSON STEEL CORPORATION, Third-Party Defendant-Appellant-Respondent. McPHERSON STEEL CORPORATION, Fourth-Party Plaintiff, v EMPIRE BUILDING DIAGNOSTICS, INC., Fourth-Party Defendant-Respondent. (Appeal No. 3.) [731 NYS2d 309] —Judgment unanimously reversed on the law without costs and new trial granted on damages only. Memorandum: Plaintiff commenced this action seeking to recover under, *inter alia,* Labor Law § 240 (1) for injuries sustained in a 55- to 60-foot fall at a demolition site. Defendants impleaded plaintiff's employer, McPherson Steel Corporation (McPherson). Only plaintiff and McPherson participate in these appeals, the first two of which are from intermediate orders resolving certain discovery and subpoena issues that arose during trial, and the third of which is from the structured final judgment awarding plaintiff past and future damages of approximately $3,600,000.

We conclude that Supreme Court erred in denying that part of McPherson's motion seeking to compel plaintiff to submit to an independent examination by McPherson's vocational reha-

bilitation expert. Special, unusual or unanticipated circumstances must be shown before further discovery will be allowed after the filing of a note of issue and statement of readiness (*see,* 22 NYCRR 202.21 [d]; *Marks v Morrison,* 275 AD2d 1027; *10 Park Sq. Assocs. v The Travelers,* 266 AD2d 859; *Sims v Ferraccio,* 265 AD2d 805; *Gould v Marone,* 197 AD2d 862). Here, McPherson demonstrated special circumstances by drawing the court's attention to the Court of Appeals' then-recent decision in *Kavanagh v Ogden Allied Maintenance Corp.* (92 NY2d 952), which held that a defendant may compel a plaintiff to submit to testing by a vocational rehabilitation expert under CPLR 3101. As *Kavanagh* effected a significant change in the law, McPherson properly relied on that decision to justify its request for additional disclosure.

For the same reasons, we conclude that the court improvidently exercised its discretion in precluding the testimony of McPherson's vocational rehabilitation expert. Additionally, we conclude that the court erred in denying McPherson's application for a subpoena duces tecum requiring the State Department of Motor Vehicles to produce a certified copy of the July 1997 application of plaintiff for renewal of his driver's license. The evidence sought by McPherson was relevant to damages (*see,* CPLR 2301, 2302; *see generally, Matter of Terry D.,* 81 NY2d 1042, 1044; *Matter of New York State Dept. of Labor v Robinson,* 87 AD2d 877, 878-879). Contrary to plaintiff's contention, the document could not have been obtained through disclosure, and it was not exempt from subpoena merely because the information contained therein might have been exempt from disclosure under Public Officers Law § 89 (2) (b) (i). The Freedom of Information Law does not limit a litigant's resort to compulsory legal process (*see,* Public Officers Law § 96 [1] [k]).

We further conclude that the court erred in giving a missing witness charge with respect to McPherson's failure to call an orthopedic surgeon who had examined plaintiff on McPherson's behalf. A missing witness charge is not warranted with respect to a party's failure to call an examining physician where, as here, the testimony of that physician would have been cumulative to the testimony of other physicians presented by that party (*see, Feneck v First Union Real Estate Equity & Mtge. Invs.* [appeal No. 2], 266 AD2d 916; *Cidieufort v New York City Health & Hosps. Corp.,* 250 AD2d 720, 721; *Clements v Lindsey,* 237 AD2d 557, *lv denied* 90 NY2d 805). The missing witness instruction in these circumstances significantly prejudiced McPherson because it permitted the jury to draw an inference

that was unwarranted as a factual matter *(see, Houston v City of New York,* 256 AD2d 277, 278-279) and that bore on the critical issues at trial, namely, the nature, extent and permanency of plaintiff's alleged injuries and disability.

With respect to plaintiff's cross appeal, we conclude that the court erred in denying plaintiff's motion for a new trial on the ground that the jury verdict was tainted by an improper outside influence. Here, a juror "injected 'significant extra-record facts' into the deliberation process and thereby became an unsworn witness to 'nonrecord evidence' " *(Fitzgibbons v New York State Univ. Constr. Fund,* 177 AD2d 1033, 1034; *cf., Capital Med. Sys. v Fuji Med. Sys.,* 270 AD2d 728, 730, *lv dismissed in part and denied in part* 95 NY2d 820; *see generally, Alford v Sventek,* 53 NY2d 743, 744-745), and "improperly introduced [her] own legal notions into the case, thereby leading the jurors to depart from the law set forth in the court's charge" *(Fitzgibbons v New York State Univ. Constr. Fund, supra,* at 1034; *see, Maslinski v Brunswick Hosp. Ctr.,* 118 AD2d 834). After trial, plaintiff submitted affidavits from all but one juror averring that the juror at issue had recounted her own experience of having received a lump sum settlement in a personal injury case. In addition, that juror assured the remaining jurors that plaintiff would receive the entire verdict in a lump sum that he could then invest. The five jurors uniformly averred that they intended to award plaintiff $10,000,000 based on his "intense pain and suffering" and "total" and "permanent" disability, but thought that $4,200,000, if received in a lump sum and invested, would generate $10,000,000. The jurors' belief was erroneous. Moreover, the jurors' consideration of this subject was at variance with the court's explicit instructions, which are dictated by statute *(see,* CPLR 4111 [f]), to the effect that the jurors were to award plaintiff the full amount of his future damages, as found by them, without reduction to present value.

In order to prevail upon a claim that the verdict was tainted by an improper outside influence, it is not necessary to demonstrate to a certainty that the outside influence worked to the prejudice of the complaining party *(see, Ryan v Orange County Fair Speedway,* 227 AD2d 609, 611). Rather, "the facts in each case 'must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " *(Taylor v Port Auth.,* 202 AD2d 414, 415, quoting *Alford v Sventek, supra,* at 745; *see also, Chung v Shakur,* 273 AD2d 340, 340-341). Under the circumstances, we conclude that plaintiff has made a sufficient showing of

improper external influence and prejudice (*see, Fitzgibbons v New York State Univ. Constr. Fund, supra,* at 1033-1034; *see also, Marino v County of Erie* [appeal No. 2], 258 AD2d 941; *Ryan v Orange County Fair Speedway, supra,* at 611).

Based on the foregoing errors, we reverse the judgment and grant a new trial on damages only. Because there must be a new trial, we note that the court erred in allowing the jury to consider plaintiff's claim of future loss of household services, which was too speculative to support an award of damages (*see generally, Schultz v Harrison Radiator Div. Gen. Motors Corp.,* 90 NY2d 311, 320-321). Our determination is without prejudice to plaintiff's establishing that element of damages upon proper proof at the retrial. We additionally note that the court did not err in discounting the future damages to present value (*see, Young v Tops Mkts.* [appeal No. 4], 283 AD2d 923), and in determining that McPherson's obligation to pay future damages (if any) for plaintiff's loss of household services will not cease upon the death of plaintiff (*see,* CPLR 5045 [a], [b]). In view of our determination, we do not address the parties' remaining contentions. (Appeals from Judgment of Supreme Court, Erie County, Notaro, J.—Damages.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.