■ LINDA KANE, Respondent, v MATTHEW RUDANSKY, Appellant. [765 NYS2d 800] —In a matrimonial action in which the parties were divorced by a judgment dated August 27, 2002, the defendant appeals, as limited by his notice of appeal and brief, from stated portions of an order of the Supreme Court, Westchester County (Shapiro, J.), entered December 23, 2002, which, inter alia, denied that branch of his motion which was to modify the visitation provision, and suspended visitation pending the completion of forensic evaluations.

Ordered that the appeal from so much of the order as suspended visitation pending the completion of forensic evaluations is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Because the forensic evaluations directed by the Supreme Court have been completed, the defendant's appeal from so much of the order as suspended visitation pending the completion of those evaluations is academic.

There is no merit to the defendant's contention that, because he enrolled in an anger management program, the judgment of divorce should be modified to eliminate the provision which required that his overnight visitation with the parties' children be supervised. The parties' stipulation of settlement concerning the defendant's visitation with the children expressly provided that only the day portion of the weekend visitation would be unsupervised, and that the overnight portion of his visitation would be supervised.

The defendant's request for an award of an attorney's fee in connection with this appeal should be addressed in the first instance to the Supreme Court (see Mulcahy v Mulcahy, 255 AD2d 565, 567 [1998]).

The defendant's remaining contentions are without merit. Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.