In a matrimonial action, the plaintiff appeals (1), as limited by her brief, from stated portions of an order of the Supreme Court, Kings County (Prus, J.), dated November 30, 2011, which, inter alia, denied that branch of her motion which was for a new forensic evaluation by a mental health professional listed in the directory of mental health professionals of the Appellate Division, First and Second Judicial Departments, and (2) from an order of the same court dated December 9, 2011, which denied that branch of the same motion which was for a mistrial pursuant to CPLR 4402.
Ordered that the order dated November 30, 2011, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the order dated December 9, 2011, is affirmed, without costs or disbursements.
This matrimonial action was commenced on June 26, 2009. Thereafter, the Supreme Court appointed a mental health expert to evaluate the parties and the subject children. The expert issued his report in December 2009. The trial commenced in June 2010, and the expert’s testimony was completed soon thereafter. On March 31, 2011, before the trial had been completed, the court granted the motion of the plaintiffs then-attorney to be relieved as the plaintiff’s attorney. The court then appointed new counsel to represent the plaintiff. On November 21, 2011, the plaintiff, by her new counsel, moved, inter alia, for a mistrial pursuant to CPLR 4402 or, in the alternative, for a new forensic evaluation by a mental health professional listed in the directory of mental health professionals of the Appellate Division, First and Second Judicial Departments. The Supreme Court denied those branches of the motion.
Pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) part 623, and Second Department (22 NYCRR) part 680, a panel of social workers, psychologists, and *584 psychiatrists has been established in the First and Second Judicial Departments to assure that the court and the parties have access to qualified mental health professionals who are available to evaluate the parties and assist the court in reaching an appropriate decision regarding, inter alia, custody and visitation matters (see 22 NYCRR 623.1, 680.1). A court may appoint a mental health professional from that panel to evaluate adults and children in a case involving, among other things, custody and visitation, or may, upon a finding of good cause set forth in the order of appointment, appoint a mental health professional who is not a member of the panel (see 22 NYCRR 623.5 [a]; 680.5 [a]).
The decision to grant or deny a mistrial is within the sound discretion of the trial court (see Frankson v Philip Morris Inc., 31 AD3d 372, 373 [2006]; Chung v Shakur, 273 AD2d 340 [2000]; Taylor v Port Auth. of N.Y. & N.J., 202 AD2d 414 [1994]). Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs motion which was for a mistrial pursuant to CPLR 4402, which was based upon her contention that the court erred in appointing a forensic evaluator who was not a member of the panel of mental health professionals promulgated by the court rules. Under the circumstances of this case, which involves protracted proceedings affecting the welfare of children, and a lengthy delay in making the motion for a mistrial, the court did not improvidently exercise its discretion in declining to declare a mistrial (see Matter of Khan v Dolly, 39 AD3d 649 [2007]).
Based upon the foregoing, the Supreme Court properly denied that branch of the plaintiffs motion which was for a new forensic evaluation by a mental health professional listed in the directory of mental health professionals of the Appellate Division, First and Second Judicial Departments.
The plaintiffs remaining contentions are without merit. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.
Motion by the respondent on appeals from two orders of the Supreme Court, Kings County dated November 30, 2011, and December 9, 2011, respectively, to dismiss the appeals on the ground that no appeal lies from a trial ruling. By decision and order on motion of this Court dated April 19, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers *585 having been filed in opposition or in relation thereto, and upon the submission of the appeals, it is
Ordered that the motion is denied. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.