■ Lee Carlin, Appellant, v Rebecca Carlin, Respondent. [3 NYS3d 71]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated December 18, 2012, as granted that branch of the defendant's motion

which was for leave to renew her prior motion to remove the court-appointed forensic evaluator, which had been determined in an order of the same court dated March 2, 2012, and, upon renewal, in effect, vacated the determination in the order dated March 2, 2012, denying the defendant's motion to remove the court-appointed forensic evaluator, and thereupon granted that motion.

Ordered that the order dated December 18, 2012, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was for leave to renew her prior motion to remove the court-appointed forensic evaluator, and, upon renewal, in effect, vacated the original determination denying the defendant's motion to remove the court-appointed forensic evaluator, and thereupon granted that motion. A motion for leave to renew "shall be identified specifically as such," "shall be based upon new facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]). Here, the defendant properly labeled her motion as one for leave to renew. In support of her motion, she submitted a letter dated July 3, 2012, from the Mental Health Professionals Certification Committee for the First and Second Judicial Departments (hereinafter the Committee) to the court-appointed forensic evaluator, informing him that he had been removed from the Mental Health Professionals Panel. The defendant further established that this letter was not available to her when she made her prior motion, or when the court held oral argument on the prior motion. The Mental Health Professionals Panel was established by the Appellate Division, First and Second Judicial Departments, to ensure that courts and parties have "access to qualified mental health professionals" who are available to evaluate the parties and to assist courts in reaching appropriate decisions as to, inter alia, custody and visitation (22 NYCRR 623.1; see Lieberman v Lieberman, 112 AD3d 583 [2013]). The Committee is tasked with the responsibility of recommending eligible mental health professionals for appointment to the panel, investigating complaints against panel members, and recommending removal of panel members to the Presiding Justices of the First and Second Judicial Departments (see 22 NYCRR 623.3, 623.4 [c]; 623.9). Thus, knowledge that the court-appointed forensic evaluator had been removed from the list of those mental health professionals deemed qualified by the Committee to assist courts in reaching

an appropriate decision as to custody and visitation would have changed the court's prior determination.

The defendant's request in her brief for an award of attorney's fees incurred in connection with, inter alia, this appeal, is not properly before this Court. Any motion for such an award must be addressed in the first instance to the Supreme Court (*see Kane v Rudansky*, 309 AD2d 785, 785 [2003]). Skelos, J.P., Dillon, Miller and Hinds-Radix, JJ., concur.