■ In the Matter of HARRY T., Respondent, v LANA K., Appellant. [65 NYS3d 442]—

Order, Family Court, New York County (Adetokunbo Fasanya, J.), entered on or about April 21, 2017, which, to the extent appealed from as limited by the briefs, denied respondent mother's affirmative defense of alienation after excluding the testimony and written report of a neutral forensic psychologist appointed during prior custody proceedings in Queens Family Court insofar as they related to that proceeding, and granted the father's support petition, unanimously affirmed, without costs.

In her brief and pre-argument statement on appeal, respondent states that she appeals from the trial court's failure to admit into evidence the forensic report prepared in connection with an earlier custody proceeding between the parties. However, since respondent never offered it into evidence at trial, this is not a proper basis for her appeal. To the extent that respondent appeals from the trial court's refusal to permit the forensic to testify as to his conclusions contained in the

report, the trial court properly sustained objections to such testimony, given respondent's attorney's failure to make an offer of proof as to how those conclusions, contained in a report completed more than two years before trial and prior to the parties' stipulation changing primary physical custody from respondent to petitioner, would be relevant in the current child support proceeding. A suspension of respondent's child support obligation was not warranted, since she failed to show "deliberate frustration of and active interference with [her] visitation rights" (*Rodman v Friedman*, 112 AD3d 537, 537 [1st Dept 2013] [internal quotation marks omitted]). Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.