Chu v Chu (2024 NY Slip Op 00610)

Chu v Chu

2024 NY Slip Op 00610

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-01644
 (Index No. 56676/20)

[*1]Steve W. Chu, appellant, 
v
May P. Chu, respondent.

Steve W. Chu, White Plains, NY, appellant pro se.
Elliott Scheinberg, New City, NY, for respondent.
Robin D. Carton, White Plains, NY, attorney for the children.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated January 9, 2023. The order, insofar as appealed from, denied the plaintiff's motion, in effect, to remove the court-appointed forensic evaluator, in effect, to deem the forensic evaluator's report inadmissible at trial, for a refund of fees paid to the forensic evaluator, and to modify a so-ordered stipulation dated July 23, 2021, so as to establish a new parental access schedule.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying those branches of the plaintiff's motion which were, in effect, to remove the court-appointed forensic evaluator, in effect, to deem the forensic evaluator's report inadmissible at trial, and for a refund of fees paid to the forensic evaluator, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The parties, who were married in 2003, have three children together. In June 2019, the plaintiff moved out of the marital residence while the defendant remained there with the children and afforded the plaintiff parental access. Approximately one year later, the plaintiff commenced this action for a divorce and ancillary relief against the defendant. In an order dated November 24, 2020, the Supreme Court, inter alia, appointed Marc Abrams, a psychologist, to serve as a neutral forensic evaluator for the purpose of assisting the court in rendering custody and parental access determinations (hereinafter the appointment order). At the time of his appointment, Abrams was a member of the Mental Health Professionals Panel for the Appellate Division, First and Second Judicial Departments (hereinafter the Mental Health Professionals Panel). In the appointment order, the court directed Abrams, among other things, to interview the parties and the children. The court further directed Abrams to issue a report setting forth his findings by January 27, 2021. The parties thereafter entered into a so-ordered stipulation dated July 23, 2021, that included, inter alia, terms relating to the plaintiff's parental access with the children. On August 12, 2021, Abrams issued his report. In December 2021, the plaintiff submitted a letter to this Court's Office of Attorneys for Children, alleging that Abrams engaged in misconduct while performing his duties as a forensic evaluator in this action. In response, that office notified the plaintiff that, effective August 24, 2021, Abrams was no longer a member of the Mental Health Professionals Panel (see Treanor v [*2]Dimopoulos, 2023 NY Slip Op 32260[U], *2-3 [Sup Ct, NY County]).
In July 2022, the plaintiff moved, in effect, to remove Abrams as the court-appointed forensic evaluator, in effect, to deem Abrams's report inadmissible at trial, for a refund of fees paid to Abrams, and to modify the so-ordered stipulation dated July 23, 2021, so as to establish a new parental access schedule. In an order dated January 9, 2023, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
"In custody disputes, the value of forensic evaluations of the parents and children has long been recognized. Although forensic evaluations are not always necessary, such evaluations may be appropriate where there exist sharp factual disputes that affect the final determination" (Matter of Brown v Simon, 123 AD3d 1120, 1122 [citation and internal quotation marks omitted]). "The Mental Health Professionals Panel was established by the Appellate Division, First and Second Judicial Departments, to ensure that courts and parties have 'access to qualified mental health professionals' who are available to evaluate the parties and to assist courts in reaching appropriate decisions as to, inter alia, custody and [parental access]" (Carlin v Carlin, 124 AD3d 817, 818, quoting 22 NYCRR 623.1; see 22 NYCRR 680.1). Pursuant to the rules of this Court and the Appellate Division, First Department, "[a] court may appoint a mental health professional from that panel to evaluate adults and children in a case involving, among other things, custody and [parental access], or may, upon a finding of good cause set forth in the order of appointment, appoint a mental health professional who is not a member of the panel" (Lieberman v Lieberman, 112 AD3d 583, 584, citing 22 NYCRR 623.5[a] and 680.5[a]). The Mental Health Professionals Certification Committee for the Appellate Division, First and Second Judicial Departments (hereinafter the Committee), "is tasked with the responsibility of recommending eligible mental health professionals for appointment to the panel, investigating complaints against panel members, and recommending removal of panel members to the Presiding Justices of the First and Second Judicial Departments" (Carlin v Carlin, 124 AD3d at 818, citing 22 NYCRR 623.3, 623.4[c], and 623.9; see 22 NYCRR 680.3, 680.4[c]; 680.9). The Committee is also charged with "establish[ing] procedures for . . . periodic evaluation of panel members" (22 NYCRR 623.3[b]; 680.3[b]) and "training of panel members" (id. § 680.3[c]; see id. § 623.3[c]). In other words, the Committee, subject to the approval of the Presiding Justices of this Court and the First Department, is responsible for maintaining a "list of those mental health professionals [it] deem[s] qualified . . . to assist courts in reaching an appropriate decision as to custody and [parental access]" (Carlin v Carlin, 124 AD3d at 818-819). "The Presiding Justices . . . may, by joint order, remove members of the mental health professionals panel" (22 NYCRR 623.9, 680.9; see id. § 623.4[c][3]; 680.4[c][3]).
Here, the Supreme Court should have granted those branches of the plaintiff's motion which were, in effect, to remove Abrams, in effect, to deem Abrams's report inadmissible at trial, and for a refund of fees paid to Abrams. The Committee is charged with determining who is qualified to serve as an impartial, court-appointed forensic evaluator, subject to approval of the Presiding Justices of this Court and the First Department (see Carlin v Carlin, 124 AD3d at 818-819). Abrams's removal from the Mental Health Professionals Panel, resulting from a complaint made against him, therefore indicates that the Committee concluded that he was no longer "qualified . . . to assist courts in reaching an appropriate decision as to custody and visitation" (id.). Moreover, both the appointment order and the Supreme Court, Westchester County, Matrimonial Part Operational Rules permitted the Supreme Court to impose sanctions upon Abrams in the event that he failed to issue his report by the deadline set forth in the appointment order. Abrams issued his report more than six months after that deadline. By the time the Supreme Court issued its order denying the plaintiff's motion, the report was nearly a year and a half old. As more time passed, the probative value of Abrams's report with regard to the best interests analysis diminished (see Matter of Nevarez v Pina, 154 AD3d 854, 856; Matter of Harry T. v Lana K., 156 AD3d 511, 512; E.V. v R.V., 130 AD3d 920, 921; Matter of Connolly v Walsh, 126 AD3d 691, 694).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court